JULIA B. WHITING
AND
BELL GURNEE
*vs.*
ARTHUR L. SEAVEY
DAVID L. SHELTON
AND
WILLIAM D. STEWART

Hancock.   Opinion, February 15, 1963.

*R. C. Masterman,* for Plaintiffs.

*William Fenton,* for Defendant.

SITTING: WILLIAMSON, C, J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

TAPLEY, J. On report. The original complaint was brought in the names of Julia B. Whiting and Sumner Welles as party plaintiffs. After the filing of the complaint one Bell Gurnee was joined as party plaintiff and the action was dismissed as to plaintiff, Sumner Welles, because of his decease after filing of the complaint. The case is reported to the Law Court by agreement, upon the amended complaint, stipulations of the parties and so much of the evidence presented below as is legally admissible. Rule 72, M. R. C. P. The parties by stipulation present the following issues:

"1. Whether the Appellants Julia B. Whiting and Bell Gurnee have a right of appeal.

2. Whether the action of the Board of Appeals in granting an exception to John B. Cochran to operate a boat yard at Hulls Cove in the Town of Bar Harbor is invalid on the sole ground that the restrictive covenants in the deeds under which the Plaintiffs hold title prohibit commercial operations in the area where the boat yard is located unless such restrictions have been removed under the express provisions contained in said deeds or unless such restrictions have been rendered void by operation of law."

The defendants in the action constitute the Board of Appeals under the zoning ordinance of the Town of Bar Harbor, Maine. The plaintiffs are owners of property on "Lookout Point" in Bar Harbor. The deeds under which they hold title contain restrictive covenants in common with other land owners in the area which, among other condi-

tions, forbid the carrying on of business enterprises in the described area. In 1957 one John B. Cochran constructed a boathouse on property belonging to his mother, entering in the business of building, repairing, storing and painting boats. Plaintiffs claim that in doing so he was violating some of the restrictive covenants in their deeds.

The property concerned in these proceedings is located in Residence A Zone, as defined by the provisions of the zoning ordinance of the Town of Bar Harbor. Being a residence zone, Mr. Cochran legally could not conduct a business on the premises. In 1957, some years after the effective date of the zoning ordinance, Mr. Cochran established the business and continued until August, 1960 when his use of the premises for business purposes was brought to an end by order of the Municipal Officers of the Town of Bar Harbor. Mr. Cochran on September 7, 1960 requested the Board of Appeals to grant him an exception in order to allow him to build, store and repair boats on the premises. This request was denied October 24, 1960. The zoning ordinance of the Town was amended on March 21, 1961 authorizing the Board of Appeals to grant exceptions, after public notice and hearing, under certain conditions and affecting a defined area. Mr. Cochran, after passage of the amendment, again petitioned the Board of Appeals for an exception and this time the Board granted his petition. It is from this decision the plaintiffs appeal to the Superior Court. The first issue to be considered is one of jurisdiction. Did Julia B. Whiting and Bell Gurnee, the appellants, have a right of appeal from the decision of the Board of Appeals granting the exception to Mr. Cochran? The zoning ordinance for the Town of Bar Harbor was created by authority of the provisions of Chap. 80, R. S., 1944 and acts additional thereto and amendatory thereof. The Inhabitants of the Town of Bar Harbor at a special town meeting held on December 22, 1947 adopted the zoning ordinance,

whereupon it became operative and effective. The zoning ordinance thus adopted, with its legally accepted amendments, is now in full force and effect. It is important to note for the purpose of this review the fact that there is no provision in the zoning ordinance for an appeal from any decision of the Board of Appeals. Sec. 88, Chap. 80, R. S., 1944 provides that:

> "The legislative body of any city and the inhabitants of any town regulating building or use of buildings or land under the provisions of Secs. 84 to 86, inclusive, shall by ordinance create a board of appeals. - - - - - - Appeals shall lie from decisions of said board to the superior court according to the provisions of Sec. 33 of Chap. 84."

This Sec. 88 was amended by Chap. 24, Sec. 4, P. L., 1945 by the adding of Sec. 88a. This new Sec. 88a prescribes the appeal procedure. The Legislature in 1957 passed an Act entitled "An Act Revising the General Laws Relating to Municipalities." This enactment is designated as Chap. 90-A (Chap. 405, P. L., 1957). It constitutes a revision of all the statutory law relating to municipalities. The passage of this revision repealed Chap. 91, R. S., 1954 in its entirety. Sec. 98 of Chap. 91 authorized appeals from Board of Appeals.

Secs. 61 through 63 of Chap. 90-A are concerned with municipal development and provide for the enactment of zoning ordinances and procedures thereunder. Sec. 61-III is mandatory in nature, requiring a municipality in enacting a zoning ordinance to provide for a Board of Appeals. Sec. 61-III-B states in part:

> "An appeal may be taken from any decision of the building inspector to the board of appeals, and from the board of appeals to the Superior Court."

This subsection then goes on to outline the procedure of taking the appeal to the Superior Court. According to the rec-

ord the procedural process used in this case was in pursuance of Rule 80-B (a) M. R. C. P.:

> "(a) **Mode of Review.** When a statute provides for review by the Superior Court of any action by a governmental agency, department, board, commission, or officer, whether by appeal or otherwise or when any judicial review of such action was heretofore available by extraordinary writ, proceeding for such review shall be instituted by filing a complaint with the court. The complaint shall include a concise statement of the grounds upon which the plaintiff contends he is entitled to relief, and shall demand the relief to which he believes himself entitled. No responsive pleading need be filed unless required by statute or by order of the court."

The zoning ordinance of the Town of Bar Harbor has no provision for an appeal from the decision of the Board of Appeals, therefore if the ordinance prevails these appellants are without right of appeal. If we take this position we must conclude that Sec. 61-III-B is not applicable to this case. We have carefully reviewed the 1957 revision of the general laws relating to municipalities (90-A) with particular attention to Sec. 61 and have come to the conclusion that the Legislature in its wisdom intended that irrespective of whether a zoning ordinance contained an appeal provision or not a citizen believing himself aggrieved by a decision of a Board of Appeals should have a statutory right of a review. Justice to a party and his cause would require such a right and, no doubt, the Legislature so intended.

Counsel for the appellee cites *Casino Motor Co.* v. *Needham*, 151 Me. 333 in support of his contention that there is no right of appeal in the instant case. We distinguish *Casino* because of subsequent changes in the statutory review procedure.

The appellants are properly before this court and thus we have jurisdiction to make a determination of the controversy.

This brings us to the second stipulated issue:

"2. Whether the action of the Board of Appeals in granting an exception to John B. Cochran to operate a boat yard at Hulls Cove in the Town of Bar Harbor is invalid on the sole ground that the restrictive covenants in the deeds under which the Plaintiffs hold title prohibit commercial operations in the area where the boat yard is located unless such restrictions have been removed under the express provisions contained in said deeds or unless such restrictions have been rendered void by operation of law."

The plaintiffs hold their titles by deeds containing restrictive covenants which prohibit commercial operations in the area where the boat yard is located.

"The validity of a zoning ordinance, the right to use of property in accordance with its restrictions, the right to relief therefrom through grant of a variance and the right to a special exception use provided for therein should be considered independently of the existence of restrictions upon the land involved arising out of covenants in deeds or restrictions imposed therein or through agreements between private parties.

"The zoning ordinance constitutes the regulation of land use through the exercise of the police power in accordance with a comprehensive plan for the entire community. It is entirely divorced in concept, creation, enforcement and administration from restrictions arising out of agreement between private parties who may, in the exercise of their constitutional right of freedom of contract, impose whatever restrictions upon the use of their lands that they desire, such covenants being enforceable only by those in whose favor they run.

"A zoning ordinance restriction which permits less restrictive uses than those to which property is limited by a covenant in a deed or private agreement is usually held not to impair the efficacy of the latter.

------

"The rights and obligations of parties to private covenants are to be determined in appropriate actions to enforce or to be relieved of the burden of, such covenants; they are not to be determined by reference to the zoning restrictions applicable to the land although the effect of the zoning restriction in its operation upon the surrounding area may be considered.

"The zoning restrictions imposed upon a property owner's land are the measure of his obligations to the community; the private covenant is merely an indication of the measure of his obligation to a private party, which may or may not be enforceable but which cannot, in either event, affect the necessity of conforming to the comprehensive plan set forth in the ordinance."
Chap. 74-1-3, The Law of Zoning and Planning (Rathkopf).

"Zoning laws are enacted under the police power in the interest of public health, safety and welfare; they have no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts. If these applicants were to succeed in obtaining a variance relieving them from the restrictions of the zoning ordinance they would still be subject to the restrictions contained in their deeds, but the enforcement of those restrictions could be sought only in proceedings in equity in which the grantors, their representatives, heirs and assigns, would be the moving parties. As is well said in Bassett on 'Zoning,' (ch. 9, pp. 184-187) : 'Contracts have no place in a zoning plan. Zoning, if accomplished at all, must be accomplished under the police power. It is a form of regulation for community welfare. Contracts be-

tween property owners or between a municipality and a property owner should not enter into the enforcement of zoning regulations. * * * The municipal authorities enforcing the zoning regulations have nothing whatever to do with private restrictions. Zoning regulations and private restrictions do not affect each other. * * * It is obvious that the zoning and the private restrictions are unrelated. One is based on the police power, the other on a contract. The municipality enforces the former by refusing à building permit or ousting a nonconforming use. A neighbor having privity of title enforces the latter by injunction or an action for damages. * * * Courts in trying a zoning case will ordinarily exclude evidence of private restrictions, and in trying a private restriction case will exclude evidence of the zoning. This is done on the grounds of immateriality.' " *In re Michener's Appeal,* 115 A. (2nd) 367 at 369-370 (Pa.).

Zoning per se does not abolish restrictive covenants. *Brown* v. *Williams,* 148 N. Y. S. 2, 841. Contractual restrictions in a deed are not abrogated or enlarged by zoning restrictions. *Martin* v. *Weinberg,* 109 A. (2nd) 576 (Md.). See 26 C. J. S. — Deeds — Sec. 171 (2).

The law is well established that restrictive covenants in a deed as to use of property are distinct and separate from the provisions of a zoning law and have no influence or part in the administration of a zoning law.

When the conditions or terms of a zoning law are repugnant to those contained in the restrictive covenants in a deed of title the remedy for a breach is not through the prescribed procedure of the zoning law but rather by an action based on a breach of covenant.

In the case at bar the appellants do not contend that the Board of Appeals abused its discretion or was in error factually but only that its decision was invalid because of the existence of the restrictive covenants.

The Board of Appeals had the legal right to grant the exception.

*Appeal denied.*