Eugene L. **PUTNAM**

v.

**TOWN OF HAMPDEN et al.**

Supreme Judicial Court of Maine.

Argued May 10, 1985.

Decided July 11, 1985.

Eugene L. Putnam (orally), pro se.

Mitchell & Stearns, John A. Woodcock, Jr. (orally), Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, Eugene Putnam, appeals from a judgment of the Superior Court (Penobscot County) where, in bifurcated proceedings, a decision of the Hampden Zoning Board of Appeals denying the Plaintiff's application for a permit to pasture animals had been upheld in a M.R. Civ.P. 80B proceeding, and the Plaintiff's constitutional challenge to the applicable subsection of the Hampden zoning ordinance had been rejected. We deny the appeal.

The Plaintiff lives in Hampden in what is designated as a Residential A District under that town's zoning ordinance. The ordinance provides that a Residential A District is established for "single family residential type of development." The ordinance defines certain "permitted uses" and "conditional uses." Subsection 3.7.3. contains the conditional use relevant to this case:

*Conditional uses ...*

Animals other than usual household pets provided the premises consists of at least 2½ acres, *and animals shall be kept a minimum of 50 feet from any property line ....*

(emphasis supplied).

This case arose when the Plaintiff began plans to pasture a horse and beef cattle within fifty feet of his property line.

In October, 1979, the Plaintiff appeared before the Hampden Planning Board and received approval for his proposal to keep a horse and beef cattle at his property. The Planning Board, however, restricted the Plaintiff from allowing his animals to graze within fifty feet of his property line in accordance with the Planning Board's interpretation of the term "kept" in subsection 3.7.3.. The Plaintiff then appealed to the Hampden Zoning Board of Appeals to obtain its interpretation of the term "kept."

In November, 1979, the Zoning Board of Appeals considered the Plaintiff's appeal, and decided that "kept" as used in the ordinance meant "allowed to graze or roam" and not "housed or kept in a shelter." The Board also denied the Plaintiff's application for a variance.

In May, 1981, the Superior Court upheld the Board's interpretation of the term

"kept." More than three years later the constitutional issue was tried jury-waived in October, 1984, and the Plaintiff was found not to have met his burden of proving the disputed provision unconstitutional.

In the M.R. Civ. P. 80B review the Plaintiff first asks us to overturn the Board's decision to restrict him from allowing a horse and beef animal to graze or roam within fifty feet of his property line.

The Hampden zoning ordinance does not define the words "kept" or "keep." Article VII, section 7.1 provides that "[t]erms not defined shall have the customary dictionary meaning." However, a survey of various dictionary definitions does not clarify the matter; most definitions provide support for *each* of the competing interpretations. *See, e.g.,* Webster's New Universal Unabridged Dictionary (2d Ed.1983); Webster's New Collegiate Dictionary (1973).

At the Board meeting the members had debated two interpretations of the word "kept:" (1) to allow to graze or roam on the property; or (2) to house or keep them in a shelter. The majority voted that the term meant "allow to graze or roam on property." After reviewing the parties' agreed statement, memoranda, and the Board meeting minutes, the Superior Court upheld the Board's interpretation.

■ The meaning of terms in a zoning ordinance is a question of law for the Court. *Camplin v. Town of York,* 471 A.2d 1035, 1037 (Me.1984); *Singal v. City of Bangor,* 440 A.2d 1048, 1050 (Me.1982). In this inquiry, we interpret the meaning in light of the objective sought to be obtained by the ordinance. *See Camplin,* 471 A.2d at 1038; *LaPoint v. City of Saco,* 419 A.2d 1013, 1015 (Me.1980).

Subsection 3.7.3. of the Hampden zoning ordinance, which contains the term "kept," is part of section 3.7., which governs "Residential A" districts. Of all the districts enumerated in the Hampden zoning ordinance, this type of district is subject to the most restrictions. Subsection 3.7.1. specifies the purpose of the Residential A district:

This district is intended for single family residential type of development constructed either in conventional patterns of development or as single family cluster development. It is intended that most of the future demand for single family residential development will be absorbed in these areas.

■ It is undisputed by the parties that the town enacted the fifty-foot setback requirement to protect the health, safety, and aesthetic environment of persons who own adjoining land. Under the Plaintiff's interpretation of "kept," individuals would be required to *house* animals at least fifty feet from adjacent landowner's property, but would not be required to fence in or otherwise restrict the animals in their grazing or roaming. We therefore conclude that the term "kept," as used in the Hampden zoning ordinance, means "allowed to graze or roam," and that the Board properly restricted the Plaintiff from allowing his animals to graze or roam within fifty feet of adjacent property lines.

Secondly, the Plaintiff contends that if the word "kept" as used in the Hampden zoning ordinance means "allowed to graze or roam," the fifty-foot setback provision is so unreasonable as to be unconstitutional. In advancing this argument before the Superior Court, the Plaintiff presented the testimony of six expert witnesses. The Plaintiff attempted to show that the fifty-foot setback had no effect on the amount of noise, odor, and insects reaching adjacent landowners (as opposed to no setback at all) and, as such, was so irrational and arbitrary as to be unconstitutional.

■ Due process requires that a zoning ordinance bear a reasonable relationship to the public health, safety, morals, or general welfare. *Warren v. Municipal Officers of the Town of Gorham,* 431 A.2d 624, 627 (Me.1981); *Barnard v. Zoning Board of Appeals of the Town of Yarmouth,* 313 A.2d 741, 744 (Me.1974). A zoning ordinance passed pursuant to police

power conferred on a municipality is accorded a strong presumption of constitutional validity. *Penobscot Area Housing Development Corp. v. City of Brewer*, 434 A.2d 14, 23 (Me.1981). The burden is on the party attacking the constitutionality to make clear a showing that the ordinance infringes the paramount law. *Warren*, 431 A.2d at 628. In a facial attack on the statute the challenger must also establish the complete absence of any state of facts that would support the need for the municipal ordinance. *Id.*

After carefully reviewing the record we conclude that the Plaintiff did not meet this heavy burden. Although his expert witnesses generally agreed that a setback of fifty feet was too short to accomplish the town's apparent goals, all acknowledged that the setback would have *some* effect. In particular, several of these witnesses conceded that the fifty-foot setback could have some effect on the level of odor and number of flies disturbing adjoining landowners, as opposed to no setback at all. This evidence adequately demonstrates the need for the challenged subsection of the Hampden zoning ordinance.

In addition, the Plaintiff argues that the record of the Board's "decisions" is inadequate for judicial review. The Plaintiff refers to the Board's written decision to deny the variance, as well as to the Board's interpretation of the word "kept." The Superior Court simply found that the record was adequate for review.

We have repeatedly stated that to ensure effective judicial review, the agency must state the reasons for its decision and the underlying facts. *Sanborn v. Town of Eliot*, 425 A.2d 629, 630 (Me.1981); *Brown v. Town of Wells*, 402 A.2d 57, 58 (Me. 1979); *see also* 30 M.R.S.A. § 2411(3)(E) (1978). In the case at bar the Board did not make such a statement in its written decision. However, the Superior Court had before it the minutes of the Board meeting, which contained extensive discussion of the reasons for denying the variance. As the minutes disclose, the Board members ad-

dressed the relevant criteria outlined in the variance application. Accordingly, the Superior Court did not err in finding an adequate record. *See Cunningham v. Kittery Planning Board*, 400 A.2d 1070, 1079 (Me.1979).

 Moreover, because the interpretation of a term in a zoning ordinance is a question of law for the Court, *Camplin v. Town of York*, 471 A.2d 1035, 1037 (Me. 1984), the adequacy of the record of the Board's interpretation of the critical term "kept" is irrelevant on appeal.

The entry is:

Judgment affirmed.

All concurring.