## OUR WAY ENTERPRISES, INC.

### v.

### TOWN OF WELLS, et al.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1987.
Decided Jan. 13, 1988.

John R. Kugler (orally), Wells, for plaintiff.

Durward W. Parkinson (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for Town of Wells.

Rufus E. Brown, William L. Plouffe (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for intervenors.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Our Way Enterprises, Inc. (Our Way) appeals from a judgment entered in Superior Court, York County, affirming the decision of the Wells Zoning Board of Appeals (Board), which upheld the Code Enforcement Officer's (CEO) denial of Our Way's application for a construction permit. Our Way challenges both the Board's interpretation of, and the constitutionality of, a Wells zoning ordinance. John and Barbara Noseworthy intervened in opposition to Our Way, and challenged Our Way's standing before the Board. Because we find that Our Way has standing, that the Board's interpretation of the ordinance is not arbitrary or capricious, and that the ordinance is constitutional as applied to Our Way, we affirm the judgment.

I.

Our Way owns land on the ocean side of Wells Beach. Our Way applied for a permit to build a single-family house on a portion of the land. The proposed building would be constructed on accreted land east of a concrete seawall and west of a jetty constructed by the Army Corps of Engineers in the early 1960's. The accreted land between the seawall and the jetty, on which Our Way proposes to build, was deposited as a result of the Corps of Engineers project.

The CEO denied Our Way's application for a construction permit based on his interpretation of a Wells zoning ordinance. The ordinance provides in relevant part:

On the ocean side of Moody Beach, Wells Beach and Drakes Island, a construction setback of 20 feet from the seawall shall be required.... Where there is no seawall a theoretical seawall line shall be extrapolated from the existing seawall which shall be used as the setback line.

The CEO used the concrete seawall as the setback line. Since the proposed building would have been built east of the seawall, it did not meet the twenty foot setback requirement. The Board upheld the denial of the permit. Our Way filed a complaint in Superior Court for direct judicial review of the decision of the Board. The court found that the plaintiff had standing, but upheld the Board's affirmance of the CEO's decision. The court also found that the ordinance was constitutional as applied to Our Way.

II.

On appeal, intervenors John and Barbara Noseworthy contend that Our Way lacked

standing to appeal to the Board the CEO's decision denying the permit. The intervenors point to a restrictive covenant in the deed to Our Way's property which requires a twenty foot construction setback from the seawall. The intervenors argue that even if the CEO had granted the permit, the restrictive covenant strips Our Way of the legal right to use the property in the proposed manner.

■ The Superior Court, relying on *Whiting v. Seavey*, 159 Me. 61, 188 A.2d 276 (1963), rejected the intervenors' argument. In *Whiting*, the Law Court distinguished restrictive covenants from zoning regulations, stating that restrictive covenants "have no influence or part in the administration of a zoning law."[1] 159 Me. at 68; 188 A.2d at 280. Thus, the existence of a restrictive covenant does not destroy Our Way's standing to appeal a decision based on the interpretation of a "distinct and separate" zoning regulation. *See Id.*

■ Since Our Way was properly before the Board, we turn to Our Way's arguments regarding the interpretation and constitutionality of the zoning ordinance. When the Superior Court acts as an intermediate appellate court reviewing the action of a board of appeals, we examine directly the record as developed before the Board. *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1072 (Me.1986). Our Way argues that the Board misinterpreted the ordinance in affirming the CEO's denial of Our Way's application for a construction permit. According to Our Way, the twenty foot setback requirement should be calculated from the jetty constructed by the Army Corps Engineers rather than the concrete seawall. We reject this argument. The meaning of the terms or expressions in a zoning ordinance is a question of law for the court. *George D. Ballard Builder v. City of Westbrook*, 502 A.2d 476, 480 (Me. 1985) (citing *Putnam v. Town of Hampden*, 495 A.2d 785, 787 (Me.1985) ). Undefined terms should be given their "common and generally accepted meaning" unless the context indicates otherwise. *Ballard,*

502 A.2d at 480 (citing *Robinson v. Board of Appeals, Town of Kennebunk*, 356 A.2d 196, 198 (Me.1976)). The ordinance clearly requires a setback of "twenty feet from the seawall." The plain meaning of the language indicates that the seawall, not the jetty, is the setback line. Because the language of the ordinance supports the Board's interpretation, that interpretation was not "unlawful, arbitrary, capricious or unreasonable," and must be affirmed. *Marchi*, 511 A.2d at 1072.

■ Our Way next contends that if the ordinance is interpreted to require a twenty foot setback from the concrete seawall, the ordinance bears absolutely no relationship to the health, safety or general welfare of the town and thus is unconstitutional as applied to Our Way. We reject this argument. A properly promulgated zoning ordinance is accorded a "strong presumption of constitutional validity." *Putnam*, 495 A.2d at 787–88 (citing *Penobscot Area Housing Development Corp. v. City of Brewer*, 434 A.2d 14, 23 (Me.1981)). *See also Barnard v. Zoning Board of Appeals of the Town of Yarmouth*, 313 A.2d 741, 744 (Me.1974). Our Way has not met its burden of showing by "clear and irrefutable evidence that [the zoning ordinance] infringes the paramount law." *Warren v. Municipal Officers of the Town of Gorham*, 431 A.2d 624, 628 (Me.1981) (citing *Saco v. Tweedie*, 314 A.2d 135, 136 (Me. 1974)). To the contrary, the record supports the conclusion that the setback requirement of the zoning ordinance bears a definite and reasonable relationship to the town's public health, safety, morals or general welfare. *Putnam*, 495 A.2d at 787; *Warren*, 431 A.2d at 628–29.

The entry is:

Judgment affirmed.

All concurring.

---

1. The court held that a zoning board of appeals had the right to grant an exception to a zoning regulation, even though the exception authorized a use repugnant to a private restrictive covenant in the land deed. 159 Me. at 68–69; 188 A.2d at 280–81.