STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

JAN 20 2005

RECEIVED AND FILED
Susan Guillette, Clerk

STATE OF MAINE

KNOX, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-009
DHM - Kno - 1/20 - 6/07

CAROLYN DAMON,

Plaintiff

v.

INHABITANTS OF THE
TOWN OF ST. GEORGE,

Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

JAN 24 2005

This matter is before the court on M.R. Civ. P. 80B complaint for review of governmental action.

Plaintiff Carolyn Damon (hereinafter "Plaintiff" or "Damon") is the owner of a 1.65-acre lot situated within the Turkey Woods Subdivision West in the Town of St. George (hereinafter "Defendant" or "the Town"). The subdivision plan, approved by the Town Planning Board (hereinafter "the Board") in March of 1999, includes a condition that all deeds to the subject lots must contain certain covenants. Among these covenants is that "no building or structure and no object or things whatsoever, other than a private dwelling house, shall be placed or erected thereon." Additionally, the Town's Minimum Lot Size Ordinance requires that each dwelling unit be accompanied by at least one acre of developable land, exclusive of public and private rights of way.

Sometime after purchasing her lot, Damon applied for and received a building permit allowing her to erect a garage on the property. As constructed, however, this building also includes a living area sufficient to qualify it as a separate dwelling unit. To bring the property into compliance with the local Lot Size Ordinance, Plaintiff applied for a modification of the subdivision. The proposed modification would allow

Damon to add approximately .35 acres onto her lot, thereby satisfying the Town's requirement of at least one acre per dwelling unit. The Board denied Plaintiff's application, noting that it "bases its decisions and approval on subdivisions on the completion of the plans and on its covenants." Further, the Board stated that the Town's subdivision ordinance gives it the authority to interpret ordinances and plans. In voting 5-0 to deny the application, the Board apparently concluded that the conditions contained in the plan allow only one dwelling unit per lot.[1] The Town Board of Appeals subsequently affirmed the Planning Board's decision on a 5-0 vote.

Damon timely filed the present complaint and both parties timely field their respective Rule 80B briefs. However, the Plaintiff failed to file the record of the Board proceedings as required by M.R. Civ. P. 80B(e)[2].

On appeal, this Court independently examines the record and reviews the operative decision of the municipality for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶10, 763 A.2d 1168, 1171 (citing *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368, 372). The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)). The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863

---

[1] But nowhere in the minutes of the Board does it so state or otherwise explain in any fashion the reason for it reaching its conclusion either upon its interpretation of the required covenant or for some other reason.

[2] Note however that, although the documents contained therein are not certified, the supplemental record submitted by the defendant contains copies of Planning Board minutes, applicable ordinances, and the subdivision plan that would presumably comprise the administrative record, had one been filed.

(Me. 1991). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, the plaintiff must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality, Inc. v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

If the board of appeals acted as a tribunal of original jurisdiction, that is, as fact finder and decision maker, the court reviews its decision directly. *See Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 4, 757 A.2d 773, 775. If, however, the board acted only in an appellate capacity, the court reviews directly the decision of the planning board, not the board of appeals. *See Id.* In the absence of an explicit ordinance creating a purely appellate review, a municipal board must conduct a hearing de novo. *See Id.* ¶ 7, 757 A.2d at 776.

The Town's first argument is that Damon's failure to file the record of the proceedings under review is grounds for dismissal. Further, because this Court's review should be based upon that record, and that record does not exist, the complaint must be dismissed.

The Defendant is correct in its assertion that Damon is responsible for the preparation and submission of the administrative record pursuant to M.R. Civ. P. 80B(e). Moreover, M.R. Civ. P. 80B(h) permits this Court to dismiss the action as a consequence of the Plaintiff's failure to file. However, rule 80B(h) employs the word "may," not "shall," and thus it is within this Court's discretion to dismiss or hear the case under the present circumstances.

The second argument raised by the Town is an offshoot of the first. Specifically, the Defendant asserts that the operative decision for review by this Court is that of the Planning Board, not the Board of Appeals. Furthermore, in that the Plaintiff has only

produced and raised arguments based upon the Board of Appeals' decision, Damon has presented no record whatsoever from which to argue that the Planning Board misinterpreted the restrictions placed upon the subdivision.

As to the first part of the Town's argument, it is apparently correct in asserting that the Planning Board's decision is the operative decision for review by this Court. If a Board of Appeals acted only in an appellate capacity, the Court reviews directly the decision of the Planning Board, or other previous tribunal, not the Board of Appeals. *See Stewart*, 2000 ME 157, ¶ 4, 757 A.2d at 775. Further, pursuant to the Town's Subdivision Ordinance, the Appeals Board did in fact undertake a purely appellate review. Still, however, the crux of Defendant's argument here is that Damon failed to comply with rule 80B(e). As stated above, under these circumstances it is within the court's discretion to hear or dismiss the complaint.

Damon asserts that the Planning Board and the Board of Appeals both misinterpreted the subdivision restriction. Specifically, the Plaintiff believes that there is no prohibition on maintaining more than one dwelling unit on subdivision lots. Rather, in Damon's view, the covenant language merely requires that the lots contain at least one acre of land per dwelling unit. More importantly, the Plaintiff contends that the Board cannot deny an application solely because the use would violate a private deed restriction if the use is otherwise in compliance with the applicable zoning ordinance. Damon cites to *Whiting v. Seavey*, 159 Me. 61, 188 A.2d 276 (Me. 1963), in favor of this proposition. Damon also cites to a Superior Court decision to support her contention that the existence of a zoning law violation alone is not a sufficient basis to deny her application[3].

---

[3] The citation provided by the Plaintiff is "Bower v. Town of Gorham, CV-89-278".

The Town points out that the restrictions at issue appear not only on the deeds, but also on the subdivision plan itself. Hence, the Town is not simply enforcing a private deed restriction as Damon implies in her brief.

Additionally, the Defendant notes that Damon's stated intent in seeking to add to her existing parcel was so the property would comply with the Minimum Lot Size Ordinance, thus allowing her to retain the additional dwelling unit. The Town contends that this proposal required Board approval for two reasons – (1) because it required changes and erasures of the approved boundary lines in the plan, and (2) because this would require amending the covenant language of the plan which, in the Town's view, currently permits only one dwelling unit per lot, regardless of size.

The Town also distinguishes *Whiting*. The Defendant notes that in *Whiting*, the restrictive covenants were placed only in the deeds. Also, in the present situation the Board retains jurisdiction over changes to the subdivision pursuant to the ordinances.

In addition, the Defendant asserts that *Shadan v. Town of Skowhegan*, 1997 ME 187, 700 A.2d 245, supports its position that the Board is authorized to "impose further conditions" on a proposed subdivision before approval of the application. The Town also notes that state statutory provisions and the Subdivision Ordinance both permit approval of subdivisions with additional necessary conditions. *See* 30-A M.R.S.A. § 4403(5)(C) (2004). Further, the Town asserts that 30-A M.R.S.A. § 4404 and section I of the Subdivision Ordinance grant the Board significant discretion in applying these conditions. Moreover, the Defendant notes that the Law Court relied upon the predecessor to section 4403 and similar language in the Skowhegan Subdivision Ordinance to uphold deed restrictions in *Shadan*.

The Town also points out that approval of a subdivision requires submission of a preliminary plan, which must include a copy of all covenants or deed restrictions

proposed to cover all or part of the lots in the subdivision. Also, the preliminary plan information must be submitted with the application for final plan approval. Thus, the Town contends that the restrictions remain part of the complete application package.

Finally, the Town asserts that it would be unfair and inconsistent to allow one of the six lot owners to essentially void the entire condition by adding land.

The only evidence before this court of the action by the Planning Board of the Town of St. George is an exhibit offered by the Defendant in the form of meeting minutes from November 25, 2003 and January 27, 2004. In those minutes, there is no evidence of any findings by the Board, no reference to evidence before it in support of their findings, nor any reason given for them to conclude that they should deny the request for modification. The responsibility of this court is very clear as recited above. It must independently examine the record and review the decision of the Planning Board to determine whether there has been an "error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Yates,* 2001 ME 2, ¶ 10, 763 A.2d 1168, 1171. This court is not permitted to substitute its judgment for that of the Board, but it must determine whether the plaintiff has shown that the Board's findings are unsupported by record evidence and that the record compels contrary findings. *See Perrin,* 591 A.2d at 863; *Total Quality, Inc.,* 588 A.2d at 284. Because the Plaintiff has presented no record, this review cannot stand. The Maine Rules of Civil Procedure state that "the record shall include the application or the documents that initiated the agency proceedings and the decision and findings of fact that are appealed from, and the record may include any other documents or evidence before the governmental agency and the transcript or other record of any proceedings." M.R. Civ. P 80B(e). Moreover, to the extent that the Board did make findings of fact and conclusions of law,

the meeting minutes memorializing its ultimate conclusion are insufficient to permit this court to undertake a meaningful review.

It is certainly clear from the minutes presented that the Planning Board understands that it may interpret the ordinances and plans that become part of the approved subdivision. It is also clear that it is not the function of this court to reverse an interpretation by the Planning Board unless it constitutes an error of law. In this case, the court has no idea what the Planning Board's interpretation is and upon what it bases that interpretation.

The entry will be:

This matter is REMANDED to the Planning Board of the municipality of St. George to properly make findings of fact and conclusions with respect to its decisions in the matter of Carolyn Damon-Turkey Cove Road-Modification of Subdivision; the Plaintiff's complaint is DISMISSED.

Dated: January _16_, 2005

Donald H. Marden
Justice, Superior Court

Date Filed ___4/23/04_____ ____Knox_____ Docket No. __AP-04-009_____
                                    County

Action _____80B Appeal_____

                                        INHABITANTS OF THE
        CAROLYN DAMON              vs. MUNICIPALITY OF ST. GEORGE

| | |
|---|---|
| Plaintiff's Attorney<br>Stephen A. Little, Esq.<br>PO Box 924<br>Rockland ME 04841<br>594-5581 | Defendant's Attorney<br>Michael A. Hodgins, Esq.<br>PO Box 5057<br>Augusta ME 04332-5057<br>623-1596 |

| Date of<br>Entry | |
|---|---|
| 4/27/04 | On 4/23/04, 80B Appeal and Summary sheet filed by Attorney Little. |
| 4/27/04 | Notice and Briefing Scheduled mailed to Attorney Little and Town of St. Geo |
| 5/5/04 | Return of Summons filed:<br>-Municipality of St. George served through John Falla on 4/26/04. |
| 5/12/04 | Michael A. Hodgins, Esq. enters his appearance on behalf of the Defendant. |
| 5/27/04 | Brief filed by Attorney Little. |
| 6/23/04 | Defendant's Brief and Supplemental Record of Defendant filed by Attorney Hodgins. |
| 9/22/04 | On 9/21/04, Oral Argument on Appeal scheduled for 10/19/04 at 1:00 p.m. on a trailing basis.<br>Notice mailed to Attorneys Little and Hodgins on 9/21/04. |
| 9/22/04 | Entire file out to Tucker Dulong, Law Clerk for Justice Marden. |
| 10/19/04 | Attorneys Little and Hodgins present in Court.<br>Hon. Donald H. Marden, presiding.<br>No Record Taken<br>Oral Argument on Appeal held.<br>Taken Under Advisement. Judge retains file. |