STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-11-019
RAC-CuM-1/30/2012

PORTLAND MUSEUM
OF ART,

Plaintiff,

v.

**ORDER**

TOWN OF SCARBOROUGH

and

PATRICIA P. ADAMS and
H.M. PAYSON & CO. in their
capacities as trustees of the Doris
Homer Revocable Trust

Defendants.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 30 2012

RECEIVED

Before the court is plaintiff Portland Museum of Art's Rule 80B appeal of the

Scarborough Board of Appeals' decision.

### BACKGROUND

Portland Museum of Art (the Museum) owns property located at 5 Winslow

Homer Road, Scarborough, ME, which is Lot 44 on Tax Map U020. (Pl.'s Br. 1–2; R. 11.)

Defendants Patricia P. Adams and H.M. Payson & Co., in their capacities as Trustees of

the Doris Homer Revocable Trust, (the Trust) own property located at 3 Winslow

Homer Road, which is Lot 45 on Tax Map U020. (*Id.*) Lot 45 makes a horseshoe around

Lot 44. (R. 11.) The Museum acquired its property from Charles W. Willauer (Willauer)

via a warranty deed on January 31, 2006. (R. 12.)

Lots 44 and 45 once consisted of six smaller lots shown as Lots 27, 28, 29, 37, 38,

and 39 on the Plan of Libby's Neck. (Pl.'s Br. 2; R. 13.) The Museum's property is

located on former-Lot 38 and the other lots, including former-Lot 28, are now part of

1

Lot 45. In 1978, Willauer installed a septic system on former-Lot 28 to serve the studio on former-Lot 38. Two years later the owner of former-Lot 28 conveyed an easement to Willauer. The easement said:

> The perpetual right and easement, as appurtenant to land of the Grantee on the southerly side of Winslow Homer Road at Prouts Neck in the Town of Scarborough, County of Cumberland and State of Maine, being Lot No. 38, as shown on Plan of Libby's Neck, made by S.L. Stephenson, Engr. dated August 18, 1979 and recorded in Cumberland County Registry of Deeds in Plan Book 4, Page 22, to enter upon the land of the Grantor, being Lot No. 28, as shown on said Plan, and to construct, maintain and repair thereon, a sewage disposal system, consisting of piping, distribution box, flow reducing pits and aeration chamber leading from a septic tank on said land of the Grantee.

(R. 14.) The easement passed to the Museum in 2006 with the warranty deed. (R. 12.)

On November 8, 2010, the Trust applied to the Town of Scarborough's Code Enforcement Officer (Officer) for a building permit to construct a residence on Lot 45. (R. 4.) The building would be located in former lots 27, 28, and 29, but it would not be located where Lot 44's septic system is currently in place. (R. 6 at 2.) The easement was not mentioned in the application, and the Officer issued the building permit on November 17, 2010. (R. 8.)

The Museum filed an administrative appeal to the Town Board of Appeals (Board), asking it to reconsider the Officer's decision to grant the permit. The Board responded to the request stating, in part, that the Museum's property "has an easement to construct and maintain the existing waste water system on the Doris Homer Trust property, a replacement system being installed in 1978." (R. 17.) The Board ultimately held a public hearing on the issue on May 11, 2011. (R. 30.)

At the meeting, the Board voted unanimously in favor of the Chairman's motion "that we deny the appeal." (R. 30.) The Board sent the Museum's counsel a letter on May 23, 2011, stating that the Museum's appeal was denied saying, "The Board determined that the Doris Homer Trust has demonstrated right, title and interest to this

2

property and that the easement did not preclude them from using the remainder of the lot." (R. 32.) Finally, the Board issued a "Scarborough Board of Appeals Findings and Conclusions Regarding Appeal No. 2403," which was prepared by the town's attorney and signed by the Chairman of the Board. (R. 33.) The Findings and Conclusions indicate that the Board did not determine the scope of the easement and only determined that the Trust had standing to apply for the building permit. (*Id.*)

## DISCUSSION

### 1. Standard of Review

When reviewing governmental action under M.R. Civ. P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595 (quoting *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *Toomey v. Town of Frye Island*, 2008 ME 44, ¶ 12, 943 A.2d 563 (quoting *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368). "That inconsistent conclusions can be drawn from evidence does not mean that a finding is not supported by substantial evidence." *Id.*

The court will reverse the Board's determination "only if the record compels a contrary conclusion to the exclusion of any other inference." *Douglas v. Bd. of Trustees*, 669 A.2d 177, 179 (Me. 1996). However, the court does "not make any findings other than those found explicitly or implicitly by the Board" and does "not substitute [its] judgment for that of the Board." *Camp*, 2008 ME 53, ¶ 9, 943 A.2d 595.

## 2. Finding of Facts and Conclusions of Law

The Board is required to make adequate finding of facts and conclusions of law according to the Law Court and Maine statutes.[1] "There cannot be meaningful judicial review of agency decisions without findings of fact." *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶ 15, 769 A.2d 834. The finding of facts must consist of more than a recitation of the parties' positions or reiterations of the evidence presented by the parties. *Id.* at ¶ 7. Additionally, the findings must "represent any collective judgment of the fact-finding agency" instead of individual board members' reflections on their individual opinions of the facts. *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 29, 837 A.2d 148. If the court finds that the Board failed to make proper findings of facts, a remand is not automatic. *Christian Fellowship & Renewal Ctr.*, 2001 ME 16, ¶ 19, 769 A.2d 834. "In some cases the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and a remand would be unnecessary." *Id.*

The Museum argues that the Board failed to make sufficient finding of facts and conclusions of law and, therefore, the decision should be remanded for further consideration. (Pl.'s Br. 9.) The Town asserts all of the necessary facts are evident in the record and "[t]o the extent any further articulation was required – which it was not – any error would be harmless." (Defs' Br. 4.) According to the transcript of the hearing, after a brief discussion the Chairman moved that the Board deny the appeal. (R. 30 at

---

[1] 30-A M.R.S. § 2691(3)(E) (2011) states:
> All decisions become a part of the record and must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented.

Maine Freedom of Access Act, 1 M.R.S. § 407 (2010) provides:
> The agency shall set forth in the record the reason or reasons for its decision and make finding of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision.

4

7.) Thereafter, three board members discussed their reasons for the decision and the Board voted unanimously to deny the appeal. (R. 30 at 8–9.) The final findings, which were written by the town's counsel, were based on these exchanges, but the Board failed to officially indicate that the findings presented by the Chairman represented the basis for their analysis.

Despite the informal production of the report, the court finds that the procedure at the hearing was sufficient to demonstrate the Board's findings and conclusions. Additionally, in conjunction with the record, the reported findings and conclusions are adequate to determine the primary issue in this appeal, whether the plaintiff had standing before the Board. As a result, any failure to correctly portray the findings and conclusions is a harmless error and this court will not remand for further findings.

### 3. Standing

In order for the Trust to receive a building permit it must have administrative standing. Administrative standing requires the party to have "right, title or interest" in the land. *Walsh v. City of Brewer*, 315 A.2d 200, 207 (Me. 1974); *see also Southridge Corp. v. Bd. of Envtl. Prot.*, 655 A.2d 345, 348 (Me. 1995) (requiring the applicant to have a "legally cognizable expectation" to use the property as would be authorized by the permit). Before the Board, the Trust demonstrated its "legally cognizable expectation" in the "right, title or interest" to Lot 45 by presenting tax cards and prior variance applications as prima facie evidence. (R. 33 at 2.) The Museum contested this "right, title or interest" by presenting the easement to the Board, contending that the Trust does not have the right to build on former-Lot 28, which is a section of Lot 45. (*Id.*)

The Board found that "the easement is not clear on its face" and, therefore, it did not have the authority to determine the scope of the easement. (*Id.*) Unable to interpret the easement, the Board relied on the other evidence before it and determined "that the

5

Trust had sufficient right, title and interest in the property to justify the [Officer's] issuance of a building permit." (*Id.*) On appeal, the Museum argues that the easement clearly asserts that the Trust cannot build on former-Lot 28, and therefore, the Trust did not have standing to apply for the building permit.

Administrative boards do not have the authority to interpret an easement that is not clear on its face. The Board has the authority to interpret zoning ordinances and rules that impact the public, but it cannot interpret private covenants. *Whiting v. Seavey*, 159 Me. 61, 67–68, 188 A.2d 276, 280–81 (1963). The Board can only apply the easement, as a private covenant, if the easement's language is clear. The language in the easement in question is not clear on its face.

Reviewing the language in the easement, the Museum argues that the easement gives the owner of the dominant estate a perpetual right to build a septic system anywhere on former-Lot 28. Therefore, according to the Museum, the owner of former-Lot 38 has control over activity on former-Lot 28 that would conflict with its ability to build a septic system (including a replacement system). The Trust disagrees, and argues that the easement allows the owner of former-Lot 38 to build and maintain a septic system on former-Lot 28, but once the septic system was put in place the owner of former-Lot 38 lost control over the remainder of the property. Based on the language in the easement both of these interpretations are reasonable.

In their briefs, both parties introduce additional evidence to support their interpretation of the easement. For example, the parties discuss how septic systems are replaced and the resulting burden on the land. (Pl.'s Br. 22.) This information is not obvious from the face of the easement, but it is necessary to interpret the easement. Additionally, the city introduced a Plumbing Ordinance that pertains to septic systems that potentially impacts the interpretation of the easement, but it is not obvious from

6

the face of the easement. *See* Scarborough, Me. Plumbing Ordinance § V(4)(C) (Mar. 21, 1979).[2]

The easement's interpretation is not clear on its face. Additional analysis is needed to determine if the Museum has control over all of former-Lot 28, or merely over the portion where the septic system is currently located. Since the Board does not have the authority to interpret the easement the Trust had standing to retain the building permit. The Museum may bring a separate action to interpret and enforce the easement as a private land right.

**The entry is:**

The Board's decision is affirmed.

DATE: January 27, 2012

Roland A. Cole
Justice, Superior Court

---

[2] This ordinance states, in relevant part: "The use of easements to locate new systems on neighboring properties is prohibited. All new systems shall be located on the property occupied by the structure to be served." Scarborough, Me. Plumbing Ordinance § V(4)(C) (Mar. 21, 1979). Whether this ordinance impacts the easement is a question of law suitable for the court to consider during a private action.

Date Filed ___June 23, 2011___ __Cumberland__       Docket No. _AP-11-19_____
                                   County

Action __80B Appeal_____


PORTLAND MUSEUM OF ART                    THE TOWN OF SCARBOROUGH
                                          PATRICIA P. ADAMS, TRUSTEE
                                          H.M. PAYSON & CO., TRUSTEE


                                   vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN C. BANNON, ESQ.<br>JOHN B. SHUMADINE, ESQ.<br>75 PEARL STREET<br>P.O. BOX 8989<br>PORTLAND, ME 04101 | Matthew Manahan Esq.<br>Catherine Connors Esq obo Adams and HM Payso<br><br>Durward Parkinson Esq.<br>Leah Rachins Esq.  Town of Scarborough |

Date of
Entry