STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-11-036
RAC – CUM – 8/16/2012

WILLIAM A. HORTON,

BRIAN COSGROVE, and

THERESA COSGROVE

Plaintiffs,

v.

TOWN OF CASCO

Defendant,

AT&T MOBILITY, LLC

Intervening Party.

STATE OF MAINE
Cumberland,ss,Clerk's Office

AUG 1 6 2012

RECEIVED

ORDER

The plaintiffs' Rule 80B appeal of the Zoning Board of Appeals' decision is before the court.[1]

## BACKGROUND

William Horton, Brian Cosgrove, and Theresa Cosgrove (the plaintiffs) share a private right of way known as Tamarack Trail with Robert and Shellie Symonds. (R. A at ex. 25.) This right of way is located in a subdivision in the Town of Casco, Maine (the Town). The Symonds executed a lease for a 100-foot by 100-foot square portion of their lot to AT&T Mobility, LLC, (AT&T) allowing AT&T to build a wireless telecommunications facility including a 150-foot tall tower (the tower). (R. A ex. 8.)

---

[1] Since the Zoning Board reviewed the Planning Board's decision in its limited appellate capacity this court reviews the Planning Board's decision. *See* Casco, Me., Zoning Ordinance § 7.5.3 (June 10, 2009); *see also See Concerned Citizens to Save Roxbury v. Bd. of Envtl. Prot.*, 2011 ME 39, ¶ 17, 15 A.3d 1263.

1

On June 14, 2010, AT&T presented its application for site plan review to the Town's Planning Board (Planning Board). William Horton is the Chair of the Planning Board, but he recused himself for this matter. The Planning Board discussed the application over a series of meetings that included a site visit. (R. B-F.) On January 18, 2011, the Planning Board issued a notice of decision, finding that "[t]he standards contained in The Casco Zoning Ordinance have been met" and the permit application is "approved subject to conditions below." (R. G.) The plaintiffs appealed to the Zoning Board of Appeals (Zoning Board). (R. H.)

The appeal was based on the claim that "[t]he Planning Board improperly granted the application of AT&T Mobility for a cellular telephone tower to be located at Map 6, Lot 34-7." (R. H.) The objections stated are the same objections the plaintiffs are making in the current appeal. The Zoning Board met on May 16, 2011, discussed the matter, and then tabled the discussion in order to consult legal counsel. (R. I.) They met again on July 18, 2011, discussed the issue again and voted to uphold the Planning Board's decisions. (R. J.) The plaintiffs filed a timely 80B appeal to this court naming the Town of Casco as the defendant. This court allowed AT&T to intervene and supplement the record.

## DISCUSSION

1. Standard of Review

When reviewing governmental action under M.R. Civ. P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595 (quoting *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504). "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *Toomey v. Town of Frye Island*, 2008 ME 44,

2

¶ 12, 943 A.2d 563 (quoting *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368). "That inconsistent conclusions can be drawn from evidence does not mean that a finding is not supported by substantial evidence." *Id.*

2. Subdivision Ordinance

The Zoning Board did not consider whether the tower violated the Subdivision Ordinance, because it can only review issues under the Zoning Ordinance, according to section 6.3.2(A)(2)[2]. *See also* 30-A M.R.S. § 4353(1) (2011) ("The board of appeals shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to Superior Court has been provided by municipal ordinance."); 30-A M.R.S. § 2691(4) (2011) ("No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board."). The plaintiffs had other options to appeal the Planning Board's decisions regarding the Subdivision Ordinance. The Subdivision Ordinance allows for direct appeal to the Superior Court pursuant to article 11, section 11.1.[3] Additionally, case law allows the plaintiffs to split their appeal and appeal the questions regarding the Subdivision Ordinance directly to the Superior Court and the questions regarding the Zoning Ordinance to the Zoning Board. *Lakes Envtl. Asso. v. Naples*, 486 A.2d 91, 95 (Me. 1984) (requiring the split of an appeal regarding zoning issues to the zoning board and subdivision issues to the Superior Court). This appeal was filed after the deadline for appealing the Planning Board's decision. Therefore, the court dismisses the Subdivision Ordinance arguments.

---

[2] "The Zoning Board of Appeals shall hear and decide where it is alleged that there is an error in a decision by the Planning Board under the site plan review provisions in Article 7 of this Ordinance." Casco, Me., Zoning Ordinance § 6.3.2(A)(2) (July 10, 2009).

[3] "An appeal from any order or decision of the Planning Board under this Ordinance may be taken by any aggrieved party to Maine Superior Court in accordance with Rule 80B of the Maine Rules of Civil Procedure." Casco, Me., Subdivision Ordinance § 11.1.

3

3. Zoning Ordinance

The plaintiffs argue that the Planning Board failed to find that the tower violates two aspects of the Zoning Ordinance.[4] First, they argue that the tower violates the permitted uses listed in article 4, section 4.4.2, which specifically notes (in bold), "all other uses are prohibited." Second, they argue that the tower does not meet the setback requirements set forth in article 8, section 8.8.1(d)(4)(a).[5]

To determine the permitted use AT&T and the Town refer the court to Zoning Ordinance article 8, section 8.8.1(b)(1), which allows the construction of wireless communication towers in "Commercial (C) and Residential (R) zoning districts, and prohibited in all other districts." The lot in question is in a residential zoning district. The plaintiffs point out that under Zoning Ordinance article 8, section 8.5(a)[6] when ordinance conflict the more restrictive provision applies. Therefore, they reason article 4, section 4.4.2, which restricts all "other" uses controls. Zoning Ordinance article 8, section 8.5(a) requires the application of the more restrictive provisions when ordinances conflict. Here, article 4 is more restrictive than article 8 regarding the use of land for a wireless tower.

---

[4] The court notes that the findings made by the Planning Board do not include an adequate explanation of the finding of facts. *See Chapel Rd. Assocs. v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137. A failure to make proper finding of facts does not result in an automatic remand. *Christian Fellowship & Renewal Ctr.*, 2001 ME 16, ¶ 19, 769 A.2d 834. The court may "treat the Board as having made whatever factual determination could, in accordance with correct legal concepts, support its ultimate decision, and we inquire whether on the evidence such factual determinations must be held clearly erroneous." *Daley v. Spinnaker Indus.*, 2002 ME 134, ¶ 17, 803 A.2d 446 (internal quotation marks omitted). Although the findings are inadequate, the court finds that the record and the supplemental record provide sufficient factual background.
[5] "The center of the tower base shall be set back from the property line by a distance of at least one hundred (100%) percent of the total tower height. This provision shall apply to both leased and owned property." Casco, Me., Zoning Ordinance § 8.8.1(d)(4)(1) (June 10, 2009).
[6] "Whenever a provision of this article conflicts with or is inconsistent with another provision of this article or of any other ordinance, regulation or statute, the more restrictive provision shall apply." Casco, Me., Zoning Ordinance § 8.5(a) (June 10, 2009).

4

Although article 4 is more restrictive, the plaintiffs' interpretation of the ordinance would render the residential permissive use set forth in article 8, section 8.8.1(d)(4)(1) null, and this interpretation is undesirable. "An ordinance may not be interpreted in such a way to read a provision out of existence or to render it surplusage." *Jade Realty Corp. v. Town of Eliot*, 2008 ME 80, ¶ 8, 946 A.2d 408. Therefore, the tower is a permitted use in the residential district.

In order to determine whether the setback requirement is met the court must consider whether a new lot was created by the Symonds's lease to AT&T. The plaintiffs say a new lot was created since there was a separation of the land. *See Town of York v. Cragin*, 541 A.2d 932, 934 (Me. 1988). AT&T argues that no lot was created; instead they just assigned a use. AT&T's argument is essentially the inverse of *Bakala v. Town of Stonington*, 647 A.2d 85 (Me. 1994). In *Bakala* the court found that the land was split off, but no legal interest was conveyed so there was no subdivision. *Id.* at 87. Here, a legal interest to build the tower and lease the right to build the tower on that land was conveyed, but the land was not split off. As a result, it is not a separate lot. Using the dimensions of the host lot the set back requirement is met.

4. Access and Use of Right-of-Way

The plaintiffs argue that the Planning Board did not adequately address concerns regarding the impact on the shared right of way. AT&T and the Town maintain that the Planning Board adequately considered the impact on the right of way and point to the conditions regarding the right of way required by the Planning Board. Based on these conditions, such as the requirement to create a construction performance bond, it is clear that the Planning Board did consider the permit's impact on the right of way.

The plaintiffs also argue that AT&T has failed to demonstrate that it has a right to use the right of way. The Planning Board has authority to interpret zoning ordinance

5

and rules that impact the public, but they cannot interpret private covenants. *Whiting v. Seavey*, 159 Me. 61, 67–68, 188 A.2d 276, 280 (Me. 1963)[7] ("Zoning per se does not abolish restrictive covenants. Contractual restrictions in a deed are not abrogated or enlarged by zoning restrictions." (internal citations omitted)). Instead, the applicant only needs to demonstrate that it has "the kind of relationship to the site that gives him a legally cognizable expectation of having the power to use that site in the ways that would be authorized by the permit." *Southridge Corp. v. Bd. of Envtl. Prot.*, 655 A.2d 345, 348 (Me. 1995) (internal citations and quotation marks omitted). Here, the application included a copy of the deed for the land, which apparently includes access to the right of way. By leasing part of the land there is a cognizable expectation that AT&T can utilize the right of way.[8]

**The entry is:**

The Zoning Board's decision is **AFFIRMED**.

DATE: August 16, 2012

Roland A. Cole
Justice, Superior Court

---

[7] Also from *Whiting*, "Zoning laws are enacted under the police power in the interest of public health, safety and welfare; they have no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts. . . . Contracts have no place in a zoning plan. Zoning, if accomplished at all, must be accomplished under the police power. It is a form of regulation for community welfare. Contracts between property owners or between a municipality and a property owner should not enter into the enforcement of zoning regulations.'" 159 Me. 61, 67, 188 A.2d 276, 280 (Me. 1963) (quoting *In re Michener's Appeal*, 115 A.2d 367, 369–70 (Pa. 1955)).

[8] Additionally, the issue of AT&T's use of the right of way is already before in the Cumberland County Superior Court as a quiet title action, docket number CV-2010-482. Although the plaintiffs would prefer the Planning Board wait until the court issued an opinion in the quiet title action, the Planning Board is not required to do so. The Planning Board, and this court, can affirm the permit application so long as there is a cognizable right, despite the action for quiet title. *See Southridge Corp*, 655 A.2d at 347 (affirming the DEP's permit application decision despite ongoing adverse possession litigation).

6

Date Filed __09-01-11__    __Cumberland__    Docket No. __AP-11-36__

County

Action _____80B_____ _____

WILLIAM A. HORTON
BRIAN A. COSGROVE
THERESA E. COSGROVE

TOWN OF CASCO

A T & T MOBILITY

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ERIKA L. FRANK, ESQ.<br>~~55 STROUDWATER STREET~~<br>~~WESTBROOK, ME 04092~~<br>934 Roosevelt Trail Unit 4<br>Wincham 04062 | Natalie Burns Esq.<br>PO Box 4510 Portland ME 04112<br><br>Barry Hobbins Esq. (A T & T Mobility-In |

Date of
Entry