202 ME 62

**Anne C. McGHIE et al.**

v.

**TOWN OF CUTLER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 26, 2002.

Decided: April 12, 2002.

Joyce Mykleby, Machias, for Plaintiff.

Wayne R. Foote, Foote & Temple, Bangor, for defendant, Town of Cutler. Norman P. Toffolon, Machias, for defendant, Naci Ozgur.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Anne C. McGhie appeals from the judgment entered in the Superior Court (Washington County, *Marden, J.*) affirming the decision of the Town of Cutler Board of Appeals granting a zoning variance to Naci Ozgur. McGhie argues that the Board of Appeals erred by granting a variance without sufficient evidence. We agree and vacate the decision of the Superior Court.

## I. CASE HISTORY

[¶ 2] On behalf of their son-in-law, Naci Ozgur, Robert Ryan Sr. and Nancy Ryan applied for a zoning variance to build a residence on a non-conforming lot. The Town of Cutler's zoning ordinance governing minimum lot sizes requires that lots have no less than 150 feet of road frontage. TOWN OF CUTLER ZONING ORDINANCE II(E)(1) (1974). Ozgur's lot measures 118 feet along Money Cove Road.

[¶ 3] The Board of Appeals met to consider Ozgur's variance petition, which was solely supported by the building permit application he had submitted to the Planning Board. In that application was a tax map with lot dimensions showing road frontage of 118 feet for Ozgur's lot. Ozgur was represented by his builder, who said he was there to answer questions. The meeting was not recorded; the minutes provide the only record of the meeting. After hearing comments from abutting neighbors opposed to the variance, the meeting recessed as the Board awaited the arrival of the Code Enforcement Officer (CEO). The Town Clerk, who was taking the minutes, left. The meeting reconvened with the arrival of the CEO, now with a member of the Board taking minutes. The CEO explained the four standards required for a variance; the board voted 2–0 in favor of the variance with one member recusing himself because of a conflict of interest. The Board of Appeals sent Ozgur a notice of appeals decision explaining that the variance was granted because of his lot's insufficient road frontage, but did not include any findings on hardship.[1]

[¶ 4] Twelve days after the Board of Appeals met, McGhie and her neighbors wrote to the Board seeking a rehearing and findings of fact. The Board did not make the notice of appeals decision available to McGhie. The Chairman of the Board denied their request. McGhie appealed the decision of the Board of Appeals to the Superior Court, which affirmed.

## II. DISCUSSION

[¶ 5] We review the decision of the Board of Appeals directly for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record. *Chapel Road Assocs., L.L.C. v. Town of Wells*, 2001 ME 178, ¶ 9, 787 A.2d 137; *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175.

[¶ 6] The Board of Appeals must find that the property owner would suffer "undue hardship" if the property owner were denied a permit. 30–A M.R.S.A. § 4353(4) (Supp.2001).[2] Although the

---

1. The notice stated:
The land in question cannot yield a reasonable return without this approved variance. The need for a variance is due to the lack of road frontage, not the general conditions of the neighborhood. The granting of a variance will not alter the essential character of the locality. The hardship is not the result

of action taken by the applicant or a prior owner.

2. 30–A M.R.S.A. § 4353(4) reads as follows:
4. **Variance.** Except as provided in subsections 4–A, 4–B and 4–C, the board may grant a variance only when strict application of the ordinance to the petitioner and

Board of Appeals made reference to the statutory requirements in the notice of appeals decision sent to Ozgur, those references were legal conclusions. The Board made no findings on the record. Ozgur presented no evidence to the Board of Appeals, relying instead on his building permit application submitted to the Planning Board. That application does not address the issue of "undue hardship."

[¶ 7] The record is devoid of evidence to support the zoning variance. Nor does it indicate that the Board considered the four factors of "undue hardship." The statute, 30–A M.R.S.A. § 4353(4), requires proof of hardship. *Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden,* 2000 ME 179, ¶ 18 & n. 9, 760 A.2d 257, 261–62.

The entry is:

Judgment vacated. Remand to the Superior Court for remand to the Cutler Board of Appeals with instructions to deny the application for variance.

the petitioner's property would cause undue hardship. The term "undue hardship" as used in this subsection means:
**A.** The land in question can not yield a reasonable return unless a variance is granted;
**B.** The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
**C.** The granting of a variance will not alter the essential character of the locality; and
**D.** The hardship is not the result of action taken by the applicant or a prior owner.
....

30–A M.R.S.A. § 4353(4).