STATE OF MAINE
CUMBERLAND, ss.

Juli 11 2 49 PH '02

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-066

BATH IRON WORKS,

Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

ORDER ON PETITIONER'S
80C APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JUL 11 2002

Plaintiff Bath Iron Works (BIW) has appealed, pursuant to M.R. Civ. P. 80C, the Maine Unemployment Insurance Commission's (Commission) decision that former BIW employee, Jeff Sattem, qualified to receive unemployment compensation benefits. Following hearing, the court affirms the decision of the Commission.

*Factual Background*

Jeffrey W. Sattem worked at BIW from 1988 to 2000. R. 20. In August 1996 Sattem suffered a work-related injury to his right shoulder. R. 77, 79, 149. The BIW health department returned Sattem to work at BIW with "no limits". R. 149. In May 2000, Sattem reported injury to his right shoulder, aggravating the August 1996 injury, R. 77, and filed for workers' compensation. R. 150. Sattem's physician prescribed the following restrictions or "limits": no overhead work; no lifting over 15 pounds with right arm; minimal use of vibratory tools; and Sattem was placed on leave with workers' compensation from May 15 to May 25 and from June 12 to June 30, when no work could be found for him at BIW within the "limits". R. 21, 22, 156.

A BIW investigator, following the lead of a BIW supervisor, observed, photographed and videotaped Sattem, during his leave, doing construction work allegedly outside of his work limits. R. 23. (Photos, R. 178-180; 187-199.) BIW concluded that Sattem was working outside of his limits and thereby had committed fraud. R. 29. On June 30, Sattem returned to work, but was sent home because there was a labor dispute and work stoppage until November 6. R. 24-5. On November 9, Sattem was discharged for fraud. R. 25, 26, 154. Sattem applied for unemployment compensation, but the Deputy disqualified Sattem on the ground that Sattem had been terminated for cause. R. 142. Sattem appealed. On appeal, the employer took the position that "the claimant was discharged on the basis that . . . he presented himself as having limitations on his work capacity, but was performing activities outside of work beyond the imposed conditions." R. 13.

The Administrative Hearing Officer conducted a new hearing and reversed the Deputy's decision on the ground that "there is insufficient evidence to find that the claimant violated a reasonable rule, or that he provided false information on his eligibility to do the work, or false information or dishonesty that jeopardized a material interest of the employer." R. 14. The Commission affirmed the Administrative Hearing Officer's decision with modifications.

On January 22, 2002, BIW filed this appeal.

2

## DISCUSSION

*Standard of Review*

The scope of judicial review of an administrative agency's factfinding is strictly limited; such a finding may be overturned only upon a showing by a challenger that it was "unsupported by substantial evidence on the whole record." *Clarke v. Maine Unemployment Insurance Commission et al.*, 491 A.2d 549, 551 (citing 5 M.R.S.A. § 11007(4)(C)(5) (1979)). This standard of review [of an administrative finding of fact] is identical to the "clear error" standard used by the Law Court. *Clarke*, at 551 (citing *Gulick v. Board of Environmental Protection*, 452 A.2d 1202, 1207-08 (Me. 1982); *see also* Field, McKusick & Wroth, *Maine Civil Practice* § 52.7 (Supp. 1981)). The reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did. *Clarke*, at 552 (citing *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me. 1973)). The fact that the record contains inconsistent evidence or that inconsistent conclusions could be drawn from the record does not prevent the agency's findings from being sustained. *Id.* The court will not substitute its judgment for [the Commission's] where there may be a reasonable difference of opinion. *Clarke*, at 552 (citing *Seven Islands Land Co. v. Maine Land Use Regulation Commission*, 450 A.2d 475, 479 (Me. 1982)).[1]

---

[1] The rationale for this deferential standard of review is all the more appropriate where, as here, the Administrative Hearing Officer expressly found as a fact that the claimant "provided credible and convincing testimony" and "the claimant's explanation is deemed credible and convincing." R. 13, 14.

3

In an 80C appeal, the court must determine whether the Commission abused its discretion, committed error of law, or made findings not supported by substantial evidence in the record. *McGhie et al. v. Town of Cutler et al.*, 202 [sic] ME 62, ¶ 5, 793 A.2d 504, 505. Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion. *Gagne et al. v. Town of Dresden et al.*, 2002 WL 273648, AP-99-004 (Me. Super. Ct., Jan. 3, 2002) (Cole, J.).

On this record, the court cannot conclude that the administrative findings are not supported by substantial evidence on the record as a whole.

Therefore the entry is:

Appeal Denied. Decision of the Maine Unemployment Insurance Commission is AFFIRMED.

Dated: June /7, 2002

Robert E. Crowley
Justice, Superior Court

4

Date Filed <u>11-08-01</u>    <u>Cumberland</u>    Docket No. <u>AP-01-066</u>

            County

Action <u>RULE 80(C) APPEAL</u>

BATH IRON WORKS CORPORATION     vs.     MAINE UNEMPLOYMENT INSURANCE COMMISSION

| Plaintiff's Attorney | Defendant's Attorney KELLY TURNER (Student |
|---|---|
| TRACEY G. BURTON, ESQ.<br>Thirty Front Street<br>Bath, ME 04530<br>(207) 443-5576<br><br>    Marcia Cleveland, Esq.(employee<br>    Frank Chowdry, Esq. Jeff Sattem)<br>    One Main St. Topsham, ME 04086<br>    721-9737 |   PAMELA W. WAITE AAG    Intern)<br>ELIZABETH J. WYMAN AAG<br>6 State House Station<br>Augusta Me 04333-0006<br>626-8800 |

Date of
Entry