STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           CIVIL ACTION
                                        DOCKET NO. AP 2002-31
                                        A AM -PEN - 11/26/2003

ALFRED F. SULLIVAN,              )
                                 )
                Petitioner       )
                                 )
v.                               )                    DECISION AND
                                 )          ┌─────────────────────────┐
                                 )          │ FILED & ENTERED ORDER   │
STATE OF MAINE                   )          │ SUPERIOR COURT          │     DONALD L. GARPRET
UNEMPLOYMENT INSURANCE           )          │     NOV 2 6 2003         │         LAW
COMMISSION                       )          │                         │
                                 )          │  PENOBSCOT COUNTY       │     DEC  4  2003
                Respondent       )          └─────────────────────────┘

This matter is before the Court on appeal pursuant to Rule 80(C) of the Maine

Rules of Civil Procedure from the decision of the Maine Unemployment Insurance

Commission (herein, "Commission") affirming a hearing officer's decision to deny the

Appellant, Alfred F. Sullivan (herein, "Claimant") unemployment benefits. The legal

basis for the hearing officer's decision was that the Claimant had refused suitable work.

26 M.R.S.A. §1193(3).

## Background

The facts are undisputed. The Claimant worked for Page Employment (herein,

"Employer"), an employment agency, from March 4, 2002 to May 31, 2002. (R. at 15,

24). The Claimant's last assigned position with the Employer was as an assembly line

worker at Lemforder, Inc., a manufacturer of automobile parts in Brewer, Maine. (R. at

24). At the conclusion of Claimant's temporary assignment with Lemforder, he earned

$7.00 per hour and was working 38.75 hours per week. (R. at 15, 31). Claimant did not

receive any employment benefits during his work assignment at Lemforder. (R. at 25).

1

On June 7, 2002, the Employer offered the Claimant a similar position at MQR, a company also located in Brewer, Maine, which screens automobile parts for Lemforder. (R. at 25). This position would also pay $7.00 per hour. (R. at 15, 25). The Claimant initially accepted the position with MQR. (R. at 16, 26). On June 10, 2002, however, the Claimant did not report to work at MQR. (R. at 16, 26). That afternoon, the Claimant informed his Employer that he was declining the offer of work because he wanted full-time permanent work with benefits. (R. at 16, 26). The Claimant also stated that he was unhappy about the fact that at his previous position with Lemforder the management had not offered him a permanent full-time position with benefits. (R. at 16, 29, 34). The Claimant did not inform his Employer that he could not accept the position at MQR due to problems he was currently experiencing with his eyesight. (R. at 16, 32).

On August 6, 2002, the Claimant was diagnosed with cataracts in both eyes; the right eye requires surgery. (R. at 7-8). Claimant contends that he declined the position at MQR because it involved screening parts, which required 100% eye coordination. (R. at 6). Specifically, Claimant would be required to visually check ball-joint assemblies for any defects. (R. at 32). Claimant admits that he did not disclose his vision problem to his Employer. (R. at 6, 31).

The Claimant applied for unemployment benefits (R. at 30, 31). The deputy found that Claimant was disqualified from receiving unemployment benefits because he refused to accept an offer of suitable work for which he was reasonably fitted. (R. at 15, 41). The Claimant appealed to the Division of Administrative Hearings. (R. at 22, 38). After a hearing, the Administrative Hearing Officer affirmed the deputy's decision, finding that the Claimant refused an offer of suitable work. (R. at 16). The Claimant

2

then appealed this decision to the Commission, which affirmed and adopted the Administrative Hearing Officer Decision. (R. at 9, 13-14). The Claimant requested reconsideration of the Commission's decision, which was denied. (R. at 1-2). This appeal followed.

## Discussion

### A. Standard of Review

The scope of judicial review of an administrative agency's factfinding is strictly limited; such a finding may be overturned only upon a showing by a challenger that it was "unsupported by substantial evidence on the whole record." Clarke v. Maine Unemployment Insurance Commission, 491 A.2d 549, 552 (Me., 1985) (citation omitted). "This standard of review of an administrative finding of fact is identical to the 'clear error' standard used by the Law Court." Id. (quoting Gulick v. Board of Environmental Protection, 452 A.2d 1202, 1207-08 (Me. 1982)). The reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did. Clarke, 491 A.2d at 551 (citing In re Maine Clean Fuels, Inc., 310 A.2d 736, 741 (Me. 1973)). The court will not substitute its judgment for the Commission's where there may be a reasonable difference of opinion. Clarke, 491 A.2d at 552 (citing Seven Islands Land Co. v. Maine Land Use Regulation Commission, 450 A.2d 475, 479 (Me. 1982)).

In an 80C appeal, the court must determine whether the Commission abused its discretion, committed error of law, or made findings not supported by substantial evidence in the record. McGhie v. Town of Cutler, 2002 ME 62, ¶5, 793 A.2d 504. Substantial evidence is evidence that a reasonable mind would accept as sufficient to

3

support a conclusion.  <u>Bath Iron Works v. Maine Unemployment Insurance Commission</u>, docket no. AP-01-066 (Me. Super. Ct., June 17, 2002) (Crowley, J.).

**B. Applicable Law**

Maine's unemployment compensation law provides that "an individual shall be disqualified for benefits . . . [f]or the duration of his unemployment subsequent to his having refused to accept an offer of suitable work for which he is reasonably fitted . . ." 26 M.R.S.A. §1193(3).  The burden is on the Claimant to show that the work offered was not suitable.  <u>Proctor v. Maine Employment Security Commission</u>, 406 A.2d 905, 907 (Me. 1979).

The agency's factual determination of whether a particular job offer is suitable is guided by its consideration of the following factors:

> [I]n determining whether or not any work is suitable for an individual during the first 12 consecutive weeks of unemployment, the deputy shall consider the degree of risk involved to [claimant's] health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.

26 M.R.S.A. §1193(3)(A).[1]  The Commission must consider all of the elements as outlined by the statute; no single factor is determinative.  <u>Clarke</u>, 491 A.2d at 551 (*citing* <u>Tobin v. Maine Employment Security Commission</u>, 420 A.2d 222, 225 (Me. 1980); <u>Grace v. Maine Employment Security Commission</u>, 398 A.2d 1233, 1235 (Me. 1979)).

"The question of suitability of the work offered in a given case is one of fact and the [Commission's] determination of that fact . . . cannot be attacked . . . if it is sustained

---

[1] The Claimant was unemployed for two weeks before he filed for benefits.  (R. at 15, 16).  Because the Claimant was unemployed for less than 12 consecutive weeks, 26 M.R.S.A. §1193(3)(A) applies to this case.

4

by competent evidence." Clarke, 491 A.2d at 552 (citations omitted). In the case at bar, the Commission committed no error in applying the controlling law. The Administrative Hearing Officer held a hearing and produced an opinion stating its reasons for denying benefits to the Claimant. (R. at 15-40). The Commission affirmed and adopted the Administrative Hearing Officer's decision. (R. at 1-2, 9). After examining the factors outlined in 26 M.R.S.A. 1193(3)(A), the Administrative Hearing Officer found as a fact that on June 7, 2002, the position as a screener of automobile parts at MQP offered to Claimant was suitable employment for him. (R. at 16). The Administrative Hearing Officer concluded that the offered position was similar to the Claimant's previous position at Lemforders in that it was for the same hours, the same rate of pay, the same commute, and was for an infinite duration. (R. at 1, 16).

The Claimant argues that the Administrative Hearing Officer and the Commission erred when it failed to consider his eyesight problems. (Claimant's Letter to the Court, dated March 18, 2003). The Commission found that that the Claimant did not make his Employer aware that this was his reason for declining the offer of work and that he did not seek medical attention at that time in regard to his eyesight. (R. at 1). The Claimant had a responsibility to communicate his concerns about the suitability of the offer of employment to his employer. *See* Therrien v. Maine Employment Security Commission, 370 A.2d 1385, 1390 (Me. 1977). "The employer must be given an opportunity to change the offensive conditions. Hence, the employee must reasonably make known his dissatisfaction to the employer." Merrow v. Maine Unemployment Insurance Commission, 495 A.2d 1197, 1201 (Me., 1985)(citations omitted).

5

## Conclusion

The record before the Commission contains substantial evidence supporting its finding of fact that on June 10, 2002, Alfred F. Sullivan refused an offer of suitable work. On review the Court will not disturb that finding, and accordingly, the entry is:

Appeal **DENIED**. Decision of the Maine Unemployment Insurance Commission is **AFFIRMED**.

DATED: November 26, 2003

_____
**Justice, Maine Superior Court**
Andrew M. Mead

6

Date Filed __11/01/02__  __PENOBSCOT__  Docket No. __AP-2002-31__

County

Action __RULE 80C APPEAL__

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

ALFRED F. SULLIVAN    Appellant   VS. UNEMPLOYMENT INSURANCE COMMISSION  Appel

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ALFRED F. SULLIVAN, PRO SE<br>81 BEECH GROVE RD.<br>CORINTH, ME. 04427 | STATE OF MAINE<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME. 04333-0006<br>BY: ELIZABETH J. WYMAN, ESQ.<br>PAMELA W. WAITE, ESQ. |

| Date of Entry | |
|---|---|
| 11/01/02 | Petition for Appellate Review of Final Agency Action filed. (attachments attached) |
| 1/17/03 | Copy of Petition with attachments forwarded to Jerry Parent, Maine Dept. of Labor, P O Box 259, Benefits Section, Augusta, ME. 04332 per telephon request. |
| 1/28/03 | Letter received by Elizabeth J. Wyman, Esq., and Pamela W. Waite, Esq., entering their appearance for the Defendant Maine Unemployment Insurance Commission. |
| 2/24/03 | Administrative Record filed by Appellee. |
| 2/26/03 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to attorneys of record and to Plaintiff, Pro Se. |
| 3/18/03 | By letter, Entry of Appearance by Alfred Sullivan, Pro Se. and position in this case. |
| 3/24/03 | Copy of Entry of Appearance by Appellant filed 3/18/03, forwarded to Apellee's attorney. |
| 4/28/03 | Letter received by Elizabeth J. Wyamn, AAG, certifying that third-year law student Danielle West-Chuhta is authorized to appear in court pursuant to Rule 90 of the Maine Rules of Civil Procedure. (attachment attached) |
| 5/2/03 | Brief of Respondent Maine Unemployment Insurance Commission filed. |
| 9/9/03 | Oral Argument on Rule 80C Appeal set for 10/28/03 at 10:30 AM. Copy forwarded to Appellant Pro se and all attorneys of record. |
| 10/28/03 | Oral Argument on Rule 80C Appeal held. Andrew M. Mead, Justice; Karen Smith, Court Room Clerk; Electronic Recording Tape No. 764 Index No 1105 - 1230. Matter taken under advisement. Justice Mead has file. |