2004 ME 44

**Danyelle E. YOUNG**

v.

**Jeffrey H. YOUNG.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2003.

Decided: April 6, 2004.

Ferdinand Slater, Ellsworth, for plaintiff.

Steven Juskewitch, Ellsworth, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Jeffrey H. Young appeals from a judgment entered in the District Court (Bar Harbor, *Staples, J.*) holding that the court lacked the authority to enter orders pertaining to Serena, a minor child, in the divorce proceeding between Serena's mother Danyelle, and stepfather, Jeffrey. Because the trial court erred by failing to recognize its statutory authority to grant contact with a minor child to a third party, and by failing to determine whether Jeffrey had established de facto parental rights with respect to Serena, we vacate the judgment.

## I. BACKGROUND

[¶ 2] The parties are before us for the second time.[1] We previously stated the following facts:

Jeffrey and Danyelle Young met in 1995 when Serena was several months old. Jeffrey and Danyelle were married in 1996, and Lexi, the couple's only natural child, was born in 1997. According to Jeffrey's testimony, he was the only person acting as a father to Serena during the five years the couple was together. After Danyelle and Jeffrey separated in August 2000, both children lived with

---

1. The first case concerned "whether a court granting a final protection order on behalf of a party who is not a parent, guardian, or custodian of a child in the household, may award parental rights and responsibilities for the minor child to that party." *Young v.*

*Young*, 2002 ME 167, ¶ 1, 810 A.2d 418, 420. We held that the issue was moot, because the "interim order entered in the parties' divorce action supersede[d] the award of parental rights and responsibilities contained in the earlier protective order." *Id.* ¶ 6.

Danyelle and had visitation with Jeffrey. Danyelle filed a complaint for divorce on September 22, 2000, and a subsequent interim order by the divorce court (*Jordan, C.M.O.*) awarded Danyelle the primary residential care of both children and Jeffrey rights of visitation.

*Young v. Young*, 2002 ME 167, ¶ 2, 810 A.2d 418, 420. Following our decision, Danyelle filed a motion in the District Court to "dismiss" Serena from the divorce proceedings. In Danyelle's motion, she argued that because Jeffrey is not Serena's biological father, he has no standing to petition for parental rights or responsibilities unless there is a finding of jeopardy.

■ [¶ 3] The court held that Serena was excluded from consideration during the proceedings because she was not a child "of the parties," on the basis that 19–A M.R.S.A. § 1001 (1998) limits its jurisdiction, preventing consideration of children who are not legally or biologically related to both parents.[2] Thus, the court held that "Serena not being 'the minor child of the parties' cannot be the subject of a divorce action between them." The District Court ordered that Serena be excluded from consideration during the proceedings.

## II. DISCUSSION

■ [¶ 4] The District Court had the authority, and the responsibility, to consider the relationship between Jeffrey and Serena, and determine if contact or broader parental rights were appropriate under the circumstances.[3] When determining what is appropriate the District Court had two possible sources of authority. First,

section 1653(2)(B) states that courts "may award reasonable rights of contact with a minor child to a [third] person." 19–A M.R.S.A. § 1653(2)(B) (1998). This section empowers the District Court to consider any third person's relationship with a child, and award contact if appropriate.

[¶ 5] Second, the District Court has the authority to determine whether Jeffrey is a de facto parent. We addressed the rights of a de facto parent in *Stitham v. Henderson*, 2001 ME 52, ¶ 1, 768 A.2d 598, 599. In that case, we held that the court has authority to award contact to a nonbiological parent who has demonstrated a strong parental relationship with a child. *Id.* ¶ 17. Referring to a man who resided with a child born during the marriage, but who later learned through DNA testing that he was not the child's biological father, we stated:

> The parent-child relationship, shown by the undisputed facts and by his affidavit, places him in the position of a de facto parent. Because of his prior legal relationship to the child and his current role as a de facto parent, the District Court has jurisdiction to decide whether it is in the best interests of K.M.H. for Henderson to have a continuing role in her life and what that role should be.

*Id.* The District Court possesses broad powers to ensure that a child "does not, without cause, lose the relationship with the person who has previously been acknowledged to be the father ... through the development of the parental relationship over time." *Id.* ¶ 24 (Saufley, C.J., concurring). *See also C.E.W. v. D.E.W.*, 2004 ME 43, 845 A.2d 1146 (cautioning that de facto parental status will be pres-

2. We "review de novo the court's interpretation of a statute for errors of law." *State v. Pouliot*, 2003 ME 120, ¶ 4, 832 A.2d 755, 756.

3. Both of the parties failed to raise 19–A M.R.S.A. § 1653(2)(B) and the two cases most

relevant to the resolution of the issues involved. *See Miller v. Miller*, 677 A.2d 64 (1996); *Stitham v. Henderson*, 2001 ME 52, 768 A.2d 598.

ent only when the adult has "fully and completely undertaken a permanent, unequivocal, committed, and responsible parental role in the child's life").

[¶ 6] The "District Court is the forum where sensitive family matters should ordinarily be resolved." *Stitham*, 2001 ME 52, ¶ 15 n. 5, 768 A.2d at 603. The trial court's narrow interpretation of its jurisdiction overlooked the statutory grant provided by section 1653(2)(B) as well as our recognition in *Stitham* of the significance of a de facto parental relationship. Because the trial court prematurely excluded Serena from consideration based solely on her lack of a biological connection with Jeffrey, we vacate the decision of the District Court.

The entry is:

Judgment vacated. Remand for further proceedings consistent with the opinion herein.