STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 MAR 23 P 2: 47

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-46

REC

DOUGLAS A. MCATEE

Appellant

v.

DECISION ON 80B APPEAL

TOWN OF GRAY
            Respondent.

APR 20 2005

This matter is before the court on appellant, Douglas A. McAtee's, 80B appeal of the decision of the Town's Zoning Board of Appeals (ZBA) to uphold a determination by the Town's Code Enforcement Officer that a 60-foot wide access to a back lot must be unencumbered by physical obstructions before an unconditional building permit may be issued.

## FACTUAL BACKGROUND

On November 20, 2003 Petitioner, Douglas McAtee ("petitioner"), purchased a parcel of land in Gray. The property contained one house and approximately 14 acres. Petitioner's plan was to split the parcel into two lots for resale: a twelve-acre undeveloped parcel and a two-acre parcel with the existing house. On April 23, 2004, Petitioner sold the two-acre lot, which included the house (Lot A), to Tara McGoldrick. Petitioner reserved a 60-foot wide right of way over Lot A for the benefit of the remaining 12 acres in accordance with the Town of Gray's Zoning Ordinance which requires that access to back lots be 60 feet in width.

On May 7, 2004 petitioner sold the remaining 12-acre lot to Tyler Graves and Lindsay Culberson. Petitioner took back a mortgage on the 12-acre lot in the amount of $25,000 to secure a portion of the sales price. Prior to the sale, on April 27, 2004,

Tyler Graves applied for a building permit for the 12-acre lot. Thereafter, petitioner learned that the house on Lot A encroached upon the right of way by approximately 10 feet.

On May 10, 2004, Graves was issued a conditional building permit by the Town of Gray Code Enforcement Officer ("CEO") "subject to the retaining of an acceptable right of way ('unencumbered' for the entire 60-foot width)." (R. 1). Petitioner appealed the CEO's decision to the Town of Gray's Zoning Board of Appeals, objecting to the officer's interpretation of the ordinance to require that the right of way be unencumbered. The Zoning Board of Appeals ("ZBA") subsequently upheld the CEO's decision, finding that the town ordinance required that the right of way be unencumbered. Petitioner then sought a variance, which request was denied. Subsequently, by way of a letter from the Respondent's attorney, petitioner learned that when the ZBA considered his appeal of the conditional building permit, it was referring to a prior version of the ordinance, not the current version. The version to which the ZBA referred had in fact been repealed and replaced at the time of petitioner's hearing.

## DISCUSSION

The court reviews a decision of the Board[1] directly for abuse of discretion, errors of law, or findings not supported by substantial evidence in the record. *See McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504, 505. "Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." *York v. Town of*

---

[1] Although there was some disagreement among the parties at the hearing on the instant appeal relating to whether the decision of the code enforcement officer or that of the ZBA is subject to judicial review, the court concludes that it is the decision of the ZBA that is at issue here. *See* Tarason v. Town of S. Berwick, 2005 ME 30, ¶ 6, ___ A.2d (explaining that where a "ZBA conducted a hearing, heard testimony, considered evidence, and made factual findings, its determination is the operative decision of the municipality") (internal quotations omitted).

*Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. The court may not substitute its own judgment for that of the Board. *See id.; Brooks v. Cumberland Farms, Inc.* 1997 ME 203, ¶ 12, 703 A.2d 844, 848. The burden of persuasion in an action challenging a decision of the Board rests on the party seeking to overturn the Board's decision. *See Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257, 260.

In support of his contention that the ZBA's decision should be reversed, petitioner argues that neither the older version, mistakenly considered by the ZBA, nor the current version of the Town's ordinance contain language stating that rights of way for access to back lots must be free from encumbrances. He asserts that the current version states only that the travel way must meet or exceed the driveway requirements of the Town street construction ordinance. Under that ordinance, petitioner argues that only a 12-foot wide section of the right of way must be improved. Accordingly, petitioner maintains that because there is ample room within the existing, though encumbered, right of way to improve a 12-foot wide section for the purposes of accessing the back lot, the denial by the ZBA of his appeal of the conditional building permit constituted an error of law. In the alternative, petitioner argues that respondent's admission that the wrong ordinance was referenced by the ZBA requires remand for a hearing conducted under the proper version of the ordinance.

In opposition, respondent contends, first, that because petitioner sold both pieces of property, he lacks standing to appeal the ZBA's decision and the petition should therefore be dismissed. Respondent further argues that in affirming the decision of the Code Enforcement Officer, the ZBA did not commit an error of law and this court should therefore affirm its decision.

Standing

In order to entertain the merits of petitioner's appeal, the court must first address respondent's claim that petitioner lacks standing. *Lamson v. Cote*, 2001 ME 109,

¶ 11, 775 A.2d 1134, 1137. ("Standing is a threshold issue bearing on the court's power to adjudicate disputes.") (citations omitted). Respondent argues that petitioner does not have standing to bring this 80B appeal because he previously sold both of the lots impacted by the access-way-width issue. According to respondent, in order to bring an appeal of the decision of the ZBA, petitioner must demonstrate that he has standing to sue based upon some right, title or interest in the property. Respondent argues that petitioner lacks any such interest.

"To appeal a decision of the zoning board of appeals, pursuant to 30-A M.R.S.A. § 2691(3)(G) (1996), a party must (1) have appeared before the board of appeals; and (2) be able to demonstrate a particularized injury as a result of the board's action." *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 6, 746 A.2d 368, 371 (internal quotations omitted). In this case, the record demonstrates that petitioner has met the first criterion. Based on the minutes from the July 15, 2004 meeting of the ZBA, it is clear that petitioner participated fully in the administrative appeal of the CEO's decision regarding the right of way. *See* R. 5. Whether petitioner has standing, then, turns on whether he has demonstrated a particularized injury as a result of the ZBA's action.

Petitioner argues that because Maine is a "title theory" state, legal title to the property is vested in him and he therefore has standing to bring the instant appeal. He further argues that he has standing because the decision of the ZBA affects the value of the property and therefore, his collateral. The court agrees. Because petitioner holds a substantial mortgage on Lot B, the value of which will be affected by the ZBA's decision, the court concludes that he is an aggrieved party with standing to bring the instant appeal. *See Goodridge v. Zoning Bd. of Appeals*, 755 A.2d 329, 333 (Conn. 2000).

The Decision of the ZBA

The applicable section of the Town of Gray Zoning Ordinance is section 11 of Chapter 402. Chapter 402 was originally enacted in 1994 and, over the course of the last

ten years, has undergone several amendments. *See* R. at Tab #18. Section 11, in particular, was repealed and replaced on January 12, 2004. Plaintiff's hearing before the ZBA was held on July 14, 2004. In a letter dated September 15, 2004 to Code Enforcement Officer Mark Stanbach, respondent's attorney acknowledges that the ZBA "may have been referencing the now-repealed version" of the applicable zoning ordinance when it considered petitioner's appeal. R. at Tab17. At the hearing before the court on the instant appeal, respondent's attorney conceded that the ZBA had in fact referenced the now-repealed version.

Section 402.11 of the Town of Gray Zoning Ordinance outlines requirements for back lots. The repealed version of section 402.11, under which the ZBA considered petitioner's appeal, read in pertinent part:

> Back lots used for single family purposes shall be permitted, provided they meet the following standards:
>
> A.    Access
>
> 1. A sixty (60) foot wide access shall be provided for back lots.
>
> 2. Said access shall be owned either in fee or by permanent easement and maintained by the back lot users.
>
> 3. Record of said access way shall be recorded as part of the deed of each back lot user on file with the County Register of Deeds.
>
> 4. Access way entrance to a street shall conform to standards of the subdivision ordinance and shall be approved by the Code Enforcement Officer.
>
> 5. The issuance of a building permit for a single family dwelling on a back lot shall in no way be construed to imply the acceptance of any access way for the purpose of maintenance, improvements of [sic] snow removal by the Town of Gray.
>
> 6. Creation of a subdivision requires compliance with the provisions of the Gray Subdivision Ordinance.
>
> C.    *Lot Size*
>
> 1. Any back lot shall be equal to or greater than the minimum lot size required for the zoning district. Computation of minimum lot

5

size area shall not include any portion of the area devoted to an access way.

Town of Gray, Me., Zoning Ordinance ch. 402, § 11 (2003) (*repealed and replaced by* Town of Gray, Me. Zoning Ordinance ch. 402.11 (2004)).

The amendment to section 402.11 which became effective on January 12, 2004 and which was the version applicable to petitioner's appeal before the ZBA reads in pertinent part:

Back lots shall be permitted, provided that they meet the following requirements in addition to other applicable requirements of the Ordinances of the Town of Gray:

A.    Access Ways:

1. Access ways for back lots shall have right of ways that are sixty (60) feet wide.

2. Access ways shall be owned either in fee or by permanent easement and shall be maintained by the owners or the users of the back lots.

3. The issuance of building permits for back lots shall not, in any way, imply the acceptance of any access ways to back lots for purposes of maintenance, improvements, or snow removal by the Town of Gray.

4. Records of ownership or permanent easements of access ways to back lots shall be recorded as part of the deeds of such back lots on file with the County Registry of Deeds.

5. The travel way within the access way shall meet or exceed the driveway requirements of the Gray Street Ordinance.

...

C.    Lot Size:

In order to be buildable, any back lot shall have an area equal to or greater than the minimum lot size required for the Zoning District in which it is located, unless it is a legally nonconforming lot. The computation of minimum lot size area shall not include any portion of the area devoted to the sixty (60) foot wide access way.

*Town of Gray, Me. Zoning Ordinance ch. 402.11 (2004).*

The ZBA referenced a version of section 402.11 that had previously been repealed and was therefore no longer applicable. Because it is axiomatic that the ZBA and, indeed, any other tribunal, must base its decisions on existing, applicable law the court must remand this case back to the ZBA to conduct a hearing under the correct ordinance.[2]

The entry is

Remanded to the Town of Gray Zoning Board of Appeals.

Dated at Portland, Maine this 23rd day of March, 2005.

Robert E. Crowley
Justice, Superior Court

---

[2] Although the 2003 version of the ordinance is largely irrelevant because no longer in effect, a review of its language does help illustrate the changes made in the 2004 amendment. After reviewing both versions, the court notes that nothing in the language of either version indicates that the 60-foot wide right of way required for back lots must be unobstructed. There is no requirement, for example, that the right of way must be clear-cut and free from any trees or boulders. Instead, the language provides only that such rights of way must be 60-feet wide and owned in fee or by permanent easement. On remand the Board should interpret the ordinance and determine whether it requires a 60-foot access that is presently unobstructed or the unfettered legal right to remove any obstruction within the 60-foot access way or if the ordinance • has some other meaning.

Date Filed __8-30-04__  Cumberland  Docket No. __AP-04-46__
County

Action __80B Appeal__

DOUGLAS A. MCATEE                    TOWN OF GRAY, MAINE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Robert Avaunt, Esq.<br>P.O. Box 1029<br>Gray, ME 04039-1029<br>657-5077 | William H. Dale, Esq.<br>Ten Free Street<br>PO Box 4510<br>Portland, ME 04112-4510<br>775-7271 |

Date of
Entry