STATE OF MAINE      SUPERIOR COURT
PENOBSCOT, ss.       CIVIL ACTION
              Docket No. AP-04-029

*AMM-PEN-1/23/05*

PENQUIS COMMUNITY    )
ACTION PROGRAM, INC.,   )
           )
     Petitioner   )
           )  **DECISION AND ORDER ON RULE**
v.            )       **80C**
           )      **APPEAL**
MAINE SUPERINTENDENT OF  )
INSURANCE,       )
           )
and           )
           )
MAINE EMPLOYERS MUTUTAL  )
INSURANCE COMPANY    )
           )
     Respondents  )

FILED & ENTERED
SUPERIOR COURT

JAN 23 2005

PENOBSCOT COUNTY

This matter is before the Court on appeal pursuant to 5 M.R.S.A. §§11001-11008

(2004) and Rule 80C of the Maine Rules of Civil Procedure from a decision of the Maine

Superintendent of Insurance (herein "**Superintendent**").[1] The Court affirms the

Superintendent's determination.

## BACKGROUND

On May 28, 2004, the Penquis Community Action Program (herein "**PCAP**")

filed a petition with the Superintendent pursuant to 24-A M.R.S.A. §§ 229 and 2320(3)

requesting that the Superintendent order PCAP's former workers' compensation insurer,

Maine Employers Mutual Insurance Company (herein "**MEMIC**"), to rescind its

---

[1] Pursuant to 24-A M.R.S.A. § 210 (2004), the Superintendent appointed Bureau of Insurance Attorney
Robert Alan Wake to serve as the hearing officer. Attorney Wake had full decision-making authority, and
his acts were considered official acts of the Superintendent pursuant to § 210.

1

reclassification and refund a portion of PCAP's premiums. MEMIC initially charged PCAP according to a seven code basis, but changed it to a more expensive two code basis in 2000. Shortly after the change, MEMIC realized that the CAPs were entitled to the more advantageous two code basis and adjusted some of the CAPs, but mistakenly neglected to adjust the PCAP account.

In 2004, PCAP discovered that the other CAPs were receiving the more advantageous two code rate and requested a hearing before the Superintendent. It sought a retroactive readjustment based upon the erroneous assessment; it also made a claim based upon discrimination.

The Superintendent allowed a readjustment for the years immediately preceding the hearing—he agreed that the proper assessment was under the two code basis. However, he denied the readjustment for the years 2001-2002 and 2002-2003. The Superintendent cited two reasons: (1) The request for adjustment was too late for the earlier years; and (2) The discrimination claim was invalid since the disparity was based upon incompetence and inadvertence. PCAP appealed the Superintendent's determination to this Court pursuant to M.R. Civ. P. 80C as a review of final agency action.

## DISCUSSION

### A.      Standard of Review

The Court's review of the Respondent's determination is limited. Agency rulings may be reversed or modified on appeal only if the Court determines that they are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority

of the agency, (3) made upon unlawful procedure, (4) affected by bias or error of law, (5) unsupported by substantial evidence on the whole record or (6) arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A § 11007(4)(C) (2004).

The scope of judicial review of an administrative agency's fact-finding is strictly limited; such a finding may be overturned only upon a showing by the challenger that it was "unsupported by substantial evidence on the whole record." *Clarke v. Maine Unemployment Insurance Commission*, 491 A.2d 549, 552 (Me. 1985) (citation omitted). "The standard of review for an administrative finding of fact is identical to the 'clear error' standard used by the Law Court." *Id. (quoting Gulick v. Board of Environmental Protection*, 452 A.2d 1202, 1207-08 (Me. 1982)). The reviewing court must examine the entire record to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did. *Clarke*, 491 A.2d at 551 (*citing In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me. 1973)). The Court will not substitute its judgment for an agency's where there may be a reasonable difference of opinion. *Clarke*, 491 A.2d at 552 (*citing Seven Islands Land Co. v. Maine Land Use Regulation Commission*, 450 A.2d 475, 479 (Me. 1982)).

In an 80(C) appeal, the Court must determine whether the Maine Superintendent abused his discretion, committed error of law, or made findings not supported by substantial evidence in the record. *See e.g., McGhie v. Town of Cutler*, 2002 ME 62, ¶5, 793 A.2d 504. Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion. *See e.g., Bath Iron Works v. Maine Unemployment Insurance Commission*, AP-01-066 (Me. Super. Ct., Cum. Cty., June 17, 2002) (Crowley, J.). A reviewing court should "afford due consideration to the Superintendent's

interpretation and application of technical statutes and regulations and will overturn the Superintendent's action only if the statute or regulation plainly compels a contrary result." *Consumers for Affordable Health Care v. Superintendent of Ins.*, 2002 ME 158, ¶ 30, 809 A.2d 1233, 1242 (quoting *Maine AFL-CIO v. Superintendent of Ins.*, 595 A.2d 424, 429 (Me. 1991)); *York Ins. of Maine v. Superintendent*, 2004 ME 45, 845 A.2d 1145.

**B.      Applicable Law.**

The National Council on Compensation Insurance (herein "**NCCI**") Basic Manual, Rule 1(F)(2) provides:

> Corrections in classification that result in a decrease in premium, whether determined during the policy period or audit, must be applied retroactively to the inception of the policy.  NCCI Basic Manual Rule 1(F)(2).

The Superintendent has consistently interpreted this provision, and did so in this case, to mean "corrections [in rating classifications] made at the request of the policy holder are not made 'at audit,' and therefore apply prospectively rather than retroactively, unless the policyholder 'contested the erroneous classifications within a reasonable time after the audit.'" *Perry Transport, Inc., v. MEMIC*, No. INS-03-412 (Me. Bur. Ins. Aug. 25, 2003, *clarified on reconsideration*, Sept. 25, 2003), *affirmed sub nom. Perry Transport, Inc., v. Maine Bureau of Insurance*, ANDSC-AP-03-14 (Me. Super. Ct., And. Cty., June 1, 2005) (Delahanty, J.), *citing Palmer Development Corp. v. NCCI*, No. INS-94-11 (Me. Bur. Ins. Dec. 22, 1993).  Retroactive corrections of classifications are required only when determined during the policy period or audit.  Based on the evidence in the *Perry* record, the Superintendent found that "although [Perry] had concerns about its classification at the time the policy was in force, . . . ; [Perry] did not contest the audit findings to the

Superintendent pursuant to 24-A M.R.S.A. § 2320(3) or to NCCI [or MEMIC] pursuant to 24-A M.R.S.A. § 2320(2)" and, therefore, denied retroactive reclassification under NCCI Basic Manual, Rule 1(F)(2). *Perry Transport Decision and Order* (Me. Bur. Ins. Aug. 25, 2003).

### 1. Timeliness

Rule 1F(2) is a well-established administrative rule that operates to bar any generic claims for reclassification. The Appellant accepts this, but offers two theories to get around the Rule 1F(2) application. First, Appellant argues that 24-A M.R.S.A. § 229(3) applies, and second, that discrimination claims are not governed by 1(F)(2). According to the Appellant, 24-A M.R.S.A. § 229(3) creates a discovery rule that allows review within 30 days after the party discovers the act that aggrieves them. This would open the door since the Appellant discovered that the other CAPs were getting the better treatment and promptly filed the request for hearing. Appellant's argument fails for two reasons. First, this rule is available only for review of *acts by the Superintendent*, and this is not such a request. This is a request for the review of MEMIC's rate classification; it does not apply or override Rule 1(F)(2). Second, the discrimination claim is not viable for the reasons set out in the following section.

### 2. Discrimination Claim

Appellant argues that discrimination claims do not fall under the ambit of Rule 1(F)(2). There is no case law on point, but the Superintendent's interpretation that Rule 1(F)(2) applies is correct. The Superintendent concluded that no discrimination, as prohibited by 24-A M.R.S.A. § 2301, occurred. He found, as a matter of fact binding upon the court, that the misclassification of PCAP was an unintended mistake. In other

words, he found that there was no intent to treat Penquis differently. Appellant argues that the Superintendent should not have grafted an intent element onto the anti-discrimination statute. The Superintendent's interpretation is correct. Something more than patent inadvertence is necessary to make the case. Most discrimination cases in other areas of the law utilize a burden shifting procedure: the victim of alleged discrimination makes his prima facie case by showing disparate treatment. The respondent then has the burden of proving an alternative non-discriminatory reason for the treatment. If the respondent does so, the claim fails. In this instance the Superintendent found that the failure by MEMIC to readjust the rate assessment was simply an administrative error. Accordingly, all discrimination claims fail, whether timely or not.

Additionally, if the Appellant's argument—the fact that other insureds in similar situations received more favorable treatment mandates an irrefutable conclusion that illegal discrimination has taken place—is accepted, every instance of mistaken computation constitutes discrimination. This is a result the law does not seem to intend.

In *Imagineering Inc. v. Superintendent of Insurance*, 593 A.2d 1050, 1053 (Me. 1991), the Law Court articulated the relevant standard: considerable deference will be given to the Superintendent on questions involving the interpretation and application of technical insurance statutes and regulations unless those laws plainly compel a contrary result. With this deference in mind, the Superintendent's interpretation of the NCCI Basic Manual is appropriate and does not compel a contrary result nor does it constitute abuse of discretion.

## CONCLUSION

For the foregoing reasons, the Court affirms the Superintendent's Decision.

Accordingly, the entry shall be:

The Superintendent's Decision is AFFIRMED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: Jan 20 , 2006

Andrew Mead
Justice, Maine Superior Court

7

Date Filed 11/8/04      Penobscot      Docket No. AP-2004-29

County

Action ___ Rule 80C Appeal ___
**ASSIGNED TO JUSTICE ANDREW M. MEAD**

\*Independent claim against Maine Employers
Mutual Insurance Company dismissed
3/8/05.

MAINE SUPERINTENDENT OF INSURANCE
\* MAINE EMPLOYERS MUTUAL INSURANCE COMPANY,
NATIONAL COUNCIL ON COMPENSATION INSURANCE

PENQUIS COMMUNITY ACTION PROGRAM, INC.    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| EATON PEABODY<br>P O Box 1210<br>Bangor ME 04402-1210<br>BY: ~~Thomas G. Johnston Esq.~~ w/drew 3/14/05<br>    Thad B. Zmistowski Esq.<br>    Jennifer L. Eastman Esq. | PIERCE ATWOOD BY: Allan M. Muir, Esq.<br>One Monument Square, Portland ME 04101<br>For: Maine Employers' Mutual Insurance Co<hr>OFFICE OF THE ATTORNEY GENERAL<br>6 State House Station, Augusta ME 04333-0006<br>BY: Thomas C. Sturtevant,Jr.For: Superint.Insurance |

| Date of Entry | |
|---|---|
| 11/8/04 | Petition for Judicial Review of Final Agency Action Pursuant to M.R.Civ.P. 80C filed. |
| 11/9/04 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. Copy forwarded to attorneys for the Plaintiff. |
| 11/15/04 | Entry of Appearance and Statement of Position filed by Allan M. Muir Esq. on behalf of Maine Employers' Mutual Insurance Company. |
| 11/15/04 | Copy of Notice of Assigned Justice forwarded to attorney for Maine Employers' Mutual Insurance Company. |
| 11/18/04 | Motion to Specify Course of Future Proceedings Under Rule 80C(i) filed by Petitioner. |
| 11/23/04 | Motion to Withdraw by Thomas C. Johnston, Esq. on behalf of Petitioner, Penquis Community Action Program, Inc. filed. |
| 11/23/04 | Respondent/Defendant Superintendent of Insurance's Entry of Appearance, Statement of Position, and Answer filed. |
| 11/23/04 | Copy of Notice of Assigned Justice forwarded to attorney for Maine Superintendent of Insurance. |
| 12/3/04 | Respondent/Defendant Superintendent of Insurance's Motion to Dismiss Independent Claim and Memorandum in Opposition to Motion to Specify Future Course of Proceedings with Exhibit A filed. |
| 12/27/04 | Memorandum in Opposition to Superintendent's Motion to Dismiss Independent Claim and in Reply to Superintendent's Opposition to Motion to Specify Future Course of Proceedings filed by Petitioner. |