STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             DOCKET NO. AP-07-13


CHESTER A. RUBACKIN
     Petitioner
DONALD L. GARBRECHT
LAW LIBRARY

APR    6 2009

     V


TOWN OF WINTER HARBOR and
JONATHAN A. OKIN
     Respondents


DECISION

This matter is before the Court on an appeal filed pursuant to Rule 80B, M.R.Civ.P.

Jurisdiction

Pursuant to Rule 80B(b), when review of an act or refusal to act by a governmental agency as provided by statute or otherwise is sought in Superior Court, that review must be filed within 30 days of the act or refusal to act and, in the case of a refusal to act, within six months after expiration of the time in which action reasonably should have occurred.

Plaintiff's complaint, filed with the Court on August 21, 2007, identifies two actions by the Town of Winter Harbor. First, through its Board of Appeals, it is alleged to erroneously entertained an appeal from a decision of the Code Enforcement Officer denying a building permit to Mr. Okin because his plans violated the Winter Harbor Zoning Ordinance with regard to height restrictions applicable to residential structures. The Board granted "administrative relief" by applying the definition of "building height" as found in the ordinance as opposed to a more restrictive definition of "height of structure." The Board overruled the Code Enforcement Officer and granted Mr. Okin his building permit on July 26, 2007. The appeal from the Board's decision of July 26, 2007, was clearly filed timely.

1

Mr. Okin also filed an application for a variance with the Board, which was denied.

Count 1 of the Complaint seeks a review of the Governmental Action. The only action taken by the Board was to reverse the decision of the Code Enforcement Officer denying the Okin Building permit on the grounds of building height restrictions.

Count II seeks injunctive relief because Okin has violated deed covenants with regard to having more than one single family dwelling on the property. There was no governmental decision made by the Board dealing with this issue.

Count III seeks enforcement of the deed restriction referred to in Count II. Again, this was not the subject of a governmental decision from which any appeal is now pending.

Count IV seeks relief on a theory of Common Law Nuisance with respect to the violation by Okin of deed restrictions and covenants, which are not now before this Court.

Count V seeks relief on a theory of statutory nuisance, 17 M.R.S.A. 2701, which the Court infers to relate to violation of the deed restrictions as opposed to building height issues.

There was no motion for joinder of an independent action setting forth the demands for relief alleged in Counts II through V of the 80B complaint (See Rule 80B(i) M.R.Civ.P.). Accordingly the Court is without jurisdiction to hear or consider those theories of recovery in Counts II through V, and they are dismissed. Likewise the burden is on the Petitioner to demonstrate compliance with the time limitations found in Rule 80B(b) with respect to theories of recovery based on the failure of the governmental agency to act within 6 months of the time the 80B appeal was filed (August 21, 2007) and the Petitioner has failed to meet that burden with respect to Counts II through V.


80B Decision


2

The authority of the Winter Harbor Board of Appeals is initially found in the statute at 30-A M.R.S.A. § 4353 and includes the authority to interpret the provisions of the ordinance of Winter Harbor (30-A M.R.S.A. 4353(2)(A). The authority granted by statute is, of course, in addition to the authority granted by the Winter Harbor Ordinance.

The record reflects, to the satisfaction of the Court, the decision of the Code Enforcement Officer denying the Okin Building Permit (Record on Appeal, hereinafter RA, pg. 1). It also reflects the Okin's timely appeal (RA 2) and the application of a height variance by Mr. Okin (RA 4) [later denied (RA 16)]

The decision of the Board (RA 17,128) of July 26, 2007, reflects in its conclusions that the Board was involved in evaluating and applying two standards found in the Ordinance. Clearly, in its decision the phrase 'administrative relief' is intended to refer to the interpretation of the Ordinance by the Board to apply the less stringent height measurement standard in this case (and the direction to the Planning Board to review the application of these two differing standards in the Ordinance). In speaking of interpreting an Ordinance, the Law Court has advised that the ordinance is interpreted by examining the plain meaning of the language. The "terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶10, 943 A.2d 595, 598. The interpretation of a zoning ordinance presents a question of law to be reviewed de novo by this Court and, if appropriate, by the Law Court. *Jade v. Eliot* 208 ME 80, ¶ 7, 946 A.2d 408, 410.

When reviewing governmental action under M.R. Civ. P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595, 598 (quoting *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504, 505). The court does "not make any findings other than those found explicitly or implicitly by the Board" and does "not substitute [its] judgment for that of the Board." *Camp*, 2008 ME 53, ¶ 9, 943 A.2d at 598.

3

This is not a case where there is an abuse of discretion or an error of law. The Board of Appeals has made findings of fact that there were inconsistencies in the Ordinance that required interpretation and said so in their findings of fact. A review of the record at RA 33 (Sec. 12-313(2)(D)) and the definition of building height found at RA 71, make it clear that the Ordinance requires interpretation to be applied. This Court agrees with and adopts the Board's interpretation as being reflective of an ambiguity in the Ordinance and a reasonable and appropriate exercise of the Board's statutory authority to interpret its Ordinance.

The Court denies this Rule 80B appeal as found in Count 1 of the Plaintiff/Petitioner's Complaint.

Dated: March 4, 2009

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

MAR 04 2009

HANCOCK COUNTY
COURTS

4