JABAR, J.
[¶ 1] Randall G. Kelley appeals from a judgment of the District Court (Ellsworth, Mallonee, J.) determining that he was not a de facto parent of Jenna Gordius’s child. Because key factual findings are in conflict in the court’s findings, we must vacate the court’s decision and remand for further proceedings.
I. BACKGROUND
[¶ 2] The following facts are derived from the trial court’s findings, and we review them with considerable deference. Buck v. Buck, 2015 ME 33, ¶ 5, 113 A.3d 1095.
[¶ 3] Kelley and Gordius were in a romantic relationship for approximately ten years before they were married in May 2012. Gordius’s child was born on July 14, 2011, at a time when Gordius and Kelley were together but unmarried. Although the two had been living together for a number of years at the time of the child’s birth, Arvide J. Pennartz is the biological father of the child. On April 27, 2012, shortly before Gordius and Kelley were married, Gordius filed a complaint in the District Court against Pennartz for a determination of paternity and parental rights and responsibilities. A year later, on May 22, 2013, the District Court entered a judgment that determined Pen-nartz’s paternity, awarded Gordius and Pennartz shared parental rights and responsibilities, and granted Gordius primary residence of the child and Pennartz weeHy contact.
[¶ 4] Both parties agree that while Gordius and Kelley lived together before their breakup on October 21, 2013, Kelley was very close to and supportive of Gordi-us’s child. When Gordius filed for divorce following their breakup, Kelley filed a motion to modify the parental rights and responsibilities order entered between Gor-dius and Pennartz, claiming intervenor status as a de facto parent. The court granted Kelley’s request that the divorce *930 action and the motion claiming de facto parenthood be consolidated.
[¶ 5] Following a hearing on the consolidated matters on March 28, 2014, the court issued an interim order preliminarily granting Kelley de facto parent status and awarding him the right to have contact with the child “to be coordinated with [Pennartz’s] schedule.” On this same date, the court granted a divorce to Gordi-us and Kelley.
[¶ 6] After a hearing on December 18, 2014, the court entered a final order on Kelley’s claim for de facto parenthood. In that order, the court stated that “[a]l-though the terms of the [divorce] judgment [finding Kelley to be a de facto parent] were not expressed as temporary, the parties and the court treated them as such.” The court also stated that it “remains convinced ... that Mr. Kelley has undertaken a permanent, equivocal, committed, and responsible parental role in the child’s life ... and that Mr. Kelley’s exclusion from [the child’s] life will hurt the child.” Despite these findings, the court concluded that Kelley failed to establish his status as a de facto parent to the child because the “circumstances cannot be deemed exceptional.”
[¶ 7] Kelley filed a consolidated motion for further findings of fact and conclusions of law and a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59(e). The court denied these motions and Kelley timely appealed.
II. DISCUSSION
A. Standard of Review
[¶ 8] Kelley, argues that the court committed an error of law by failing to apply the proper standards in determining whether Kelley qualified as a de facto parent as articulated in Pitts v. Moore, 2014 ME 59, ¶¶ 18-29, 90 A.3d 1169 (plurality opinion). Gordius maintains that the court correctly determined that exceptional circumstances as outlined in Pitts are not present in this matter.
[¶ 9] Because the issues in this appeal concern application of the law of de facto parenting to the court’s factual determination that Kelley did not meet a necessary element of de facto parenthood, as set out in Pitts, and because Kelley had the burden of proof, we must determine first whether the court correctly articulated the applicable law and, if so, whether the court properly applied the law to the facts in determining whether Kelley was a de facto parent.
B. De Facto Parenthood
[¶ 10] “Despite [numerous] shifts in family ... structure [in today’s society], it remains firmly established that parents have a fundamental liberty interest to direct the care, custody, and control of their children.” Pitts, 2014 ME 59, ¶ 11, 90 A.3d 1169 (quotation marks omitted); see Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). However, this right to parent is not absolute, and there are situations where interference with that right is constitutionally permitted. Whenever there is an attempted interference with that right, we must evaluate it with strict scrutiny. Pitts, 2014 ME 59, ¶ 12, 90 A.3d 1169. In Pitts, we held that the State’s intrusion into the parent-child relationship is permitted only when “there is some urgent reason or there are exceptional circumstances affecting the child.” Id. Before us is one of those situations that will interfere with the normal parent-child relationship — a claim of de facto parenthood.[1]
*931 [¶ 11] In Pitts, we held that a party seeking de facto parent status must prove two elements by clear and convincing evidence: first, that he or she has undertaken a permanent, unequivocal, committed, and responsible parental role in the child’s life; and second, that there are exceptional circumstances[2] sufficient to allow the court to interfere with the legal or adoptive parents’ rights.[3] Id. ¶ 27.
[¶ 12] Here, the trial court found that Kelley met the first prong of the two-part test, that Kelley “has undertaken a permanent, unequivocal, committed and responsible parental role in the child’s life.” Because neither party has challenged this finding by the court, we focus on the second prong of the test — whether there are “exceptional circumstances” sufficient to allow the court to interfere with the rights of the biological parents.
[¶ 13] In Pitts, we held that exceptional circumstances exist when harm to the child will occur if the party claiming de facto status is not acknowledged to be the child’s de facto parent. Id. ¶29. In a plurality opinion, we explained the type of harm that needs to be found to justify interference with a parent’s rights:
We are not here announcing that “harm” in these cases must be the equivalent of “jeopardy” in title 22 cases. Nonetheless, a court contemplating an order that creates a parent out of a non-parent must first determine that the child’s life would be substantially and negatively affected if the person who has undertaken a permanent, unequivocal, committed, and responsible parental role in that child’s life is removed from that role.
Id. (emphasis added). In so writing, we were drawing on the language we had used to discuss why courts could permit this type of interference with a biological or adoptive parent’s wishes: “to ensure that a child does not, without cause, lose the relationship with the person who has previously been acknowledged to be the [parent] through the development of the parental relationship over time.” Young v. Young, 2004 ME 44 ¶ 5, 845 A.2d 1144. We explained that the exceptional circumstances allowing a court to so interfere exist only when “the child’s life would be substantially and negatively affected if the person who has undertaken a permanent, unequivocal, committed, and responsible parental role in that child’s life is removed from that role.” Pitts v. Moore, 2014 ME 59, ¶ 29, 90 A.3d 1169, 1181.
[¶ 14] Although the trial court found that the child would be harmed by the removal of Kelley from the child’s life, noting “that Mr. Kelley’s exclusion from [his] life will hurt the child” and “the effect on children of these ruptured relationships can be deeply wounding,” the court concluded that “the circumstances are sadly unexceptional.” Kelley requested further findings and conclusions, specifically asking the court to apply the de facto parent standards established by Pitts, and provided the court with proposed findings, as. required by M.R. Civ. P. 52(b). The court denied the request.
*932 [¶ 15] The court appears to have applied the requirement of “exceptional” circumstances in a generic fashion determining, in essence, that it is not unusual in today’s world for a child to be harmed by these changes in adult relationships. Although the generic assessment of exceptionality may play a role in the court’s final consideration of the facts, the court’s focus must be on the child himself. The ultimate question is whether the harm to this child creates the exceptional circumstances that allow the interference with parental rights, i.e., whether the court determines, by clear and convincing evidence, that “the child’s life would be substantially and negatively affected” if Kelley is removed from his “permanent, unequivocal, committed, and responsible parental role.... ” Pitts, 2014 ME 59, ¶ 29, 90 A.3d 1169. Because the court did not reach the child-focused component of the analysis, it did not articulate whether the harm that it found would “substantially and negatively” affect the child’s life.
[¶ 16] Because the trial court concluded that Kelley’s removal from the child’s life would cause the child harm without determining whether the removal would “substantially and negatively” affect this child, we remand the case to the trial court. Because children’s needs may change with time, we leave the decision on whether.to reopen the record for updated information to the discretion of the trial judge.
The entry is:
Judgment vacated. Remanded for further proceedings consistent with this opinion.

. Once a court concludes that a party has established de facto parent status, that party *931 is a parent for all purposes and the court must then determine his or her parental rights and responsibilities pursuant to 19-A M.R.S. 1653 (2014). See generally C.E.W. v. D.E.W., 2004 ME 43, 845 A.2d 1146.

. See paragraph 18 of the Concurring Opinion for further discussion of the term "exceptional circumstances.”

. Since our decision in Pitts, the Legislature has passed the Maine Parentage Act, effective on July 1, 2016. As the statute is not yet in effect, it is inapplicable to this case.